which the parties, exercising reasonable diligence, might have brought forward at the time and determined respecting it," citing 1 Herman on Estoppel, sections 122 and 123. I do not think it can be successfully contended that the defendant Brodie did not have full time and opportunity to bring forward the matter of advancements, now claimed to have been made by him to Burwell, and to have his right to so much of Burwell's half of the crop as was necessary to pay them adjudicated. The point was directly presented in that action. *Tylor v. Capehart,* 125 N. C., 64. The judgment declares that Burwell is entitled to one-half of the crop, and that finding and determination preclude the other question now attempted to be raised. *Bryan v. Alexander,* 111 N. C., 142.

## TAPP v. DIBRELL.

(Filed April 5, 1904).

1. EVIDENCE—*Admissions—Partnership.*

   Where there is evidence of a partnership, admissions by one partner are competent in an action against the partners for a partnership debt.

2. EVIDENCE—*Admissions—Compromise and Settlement.*

   An offer to pay a part of a claim, contending that the other part had been paid, is competent to establish the debt and is not objectionable as an offer of compromise.

3. GARNISHMENT—*Parties—Corporations—Partnerships.*

   Where tobacco was sold by a corporation to a firm, garnishment levied against the buyer as a corporation on a debt alleged to be due to the seller as a partnership is no defense to an action for the price of the goods sold.

ACTION by L. P. Tapp and another against R. L. Dibrell and another, heard by *Judge W. R. Allen* and a jury, at September Term, 1903, of the Superior Court of LENOIR County. From a judgment for the plaintiffs the defendants appealed.

*N. J. Rouse* and *Y. T. Ormond,* for the plaintiffs.
*Loftin & Varser,* for the defendants.

CONNOR, J. The plaintiffs L. P. Tapp and J. W. Grainger, as assignees, sued to recover of the defendants R. L. Dibrell and A. B. Carrington, trading under the firm name and style of Dibrell Brothers, an account of $1,120.80 for certain tobacco sold and delivered by their consignor to W. C. Thomas Tobacco Company, a corporation duly incorporated and organized under and pursuant to the laws of this State.

The defendants deny that they, as partners, purchased any tobacco of the W. C. Thomas Tobacco Company, but aver that a corporation duly incorporated and organized pursuant to the laws of Virginia as Dibrell Brothers purchased certain tobacco of a copartnership composed of W. C. Thomas and the plaintiffs Tapp and Grainger, the price of which was $1,111.44. They deny the assignment of the account. They further say that the Hoge-Irvin Tobacco Company, a corporation chartered and organized in the State of Virginia, attached $215.50 of the proceeds of said tobacco in the hands of Dibrell Brothers and has obtained judgment in said attachment; that one R. R. Traxton also attached of said proceeds $20.50 and has obtained judgment for said amount; that Dibrell Brothers have tendered to W. C. Thomas & Co. a check for the balance of the proceeds of said tobacco. The defendants also set up a counter claim for $400 damages for loss suffered in defending said attachment proceedings.

In response to issues submitted, the jury find that Dibrell
Brothers was a corporation at the time of the purchase of
the tobacco; that the tobacco was not purchased for Dibrell
Brothers as a corporation; that both the defendants were
indebted to the plaintiffs in the amount named in the com-
plaint.

The plaintiffs introduced the articles of incorporation of
the W. C. Thomas Company to which there was no objection.
The plaintiff Tapp testified that he never knew of any such
firm as W. C. Thomas & Co.; that the tobacco represented
by the account sued on was sold by the W. C. Thomas Com-
pany to the defendants through A. B. Carrington, one of
the defendants, and delivered to the Hoge-Irvin Tobacco
Company for the defendants; that he had known Dibrell
Brothers since 1895.    A. B. Carrington and R. L. Dibrell
were members of the firm, and that Carrington was served
with summons here; that he talked with Carrington in Au-
gust, 1902, and said that he wanted to settle the claim but
he would be liable on garnishment.    This was objected to
by the defendants, and to the admission of the testimony
exception was taken.

We cannot see any valid objection to this testimony.    It
was the declaration of one of the defendants.    It was cer-
tainly admissible against him, and, if there was a partner-
ship, against his copartner.    It was not offered to prove a
partnership.    The witness had testified to the partnership.
While this was not conclusive, it was a sufficient basis to ad-
mit the declaration of Carrington.    Of course if the jury
did not find that Carrington and Dibrell were partners in
this transaction, the declaration was admissible only as
against Carrington.    The learned counsel in their brief do
not rest their exception upon this ground, but say that it is
not admissible as an offer to compromise.    It was not offered
for that purpose and was not capable of that construction.

In view of the answer, we cannot see that it was of any importance in any point of view.

The witness further testified that he had about the same conversation with the defendant Dibrell; that neither of them denied that "Dibrell Brothers," partners, owed the claim. The plaintiffs introduced the following:

"Cable Address: Dibrell, Danville.   DIBRELL BROS., Leaf Tobacco Brokers.

"DANVILLE, VA., U. S. A., May 12, 1902.
*"Messrs. W. C. Thomas Tobacco Co., Kinston, N. C.:*

"Your valued favor of the 10th inst., returning our check for $774.94 tendered W. C. Thomas & Co., is to hand.   We note carefully your remarks as to the position you take in regard to the matter.   We regret very much that we are not at liberty to accede to the demands of the W. C. Thomas Company for the money claimed to be due them by us, and we wish to assure you that it is in no spirit of vindictiveness that we refuse the demand, but only for our protection and by the advice of our attorneys.   We believe we have made our position very clear to you, but we repeat that we do not know the W. C. Thomas Tobacco Company in this transaction, but only W. C. Thomas & Co.   We will be compelled to pay the amount of garnishments when ordered to do so by the Court, and we hope that you will see fit to have some one to represent you when the case comes up in July Corporation Court.
          "Very truly yours,
                              "DIBRELL BROS."

Objection was made to the manner of proving the assignment of the account.   We concur with his Honor's ruling in this respect.

The defendants introduced a copy of articles of incorporation of Dibrell Brothers, duly certified, and a certified copy of the proceedings in attachment in the case of the Hoge-

Irvin Tobacco Company, issuing out of the Corporation Court of Danville, against W. C. Thomas, L. P. Tapp and J. W. Grainger, copartners, trading under the firm name and style of W. C. Thomas & Co. Notice of attachment was served on "Dibrell Brothers, a corporation, as being indebted to the defendant partners." The defendants also introduced the proceedings in attachment sued out by L. P. Morgan & Co. against W. C. Thomas for $25.50 containing this endorse-ment: "The plaintiff herein designated R. L. Dibrell and A. B. Carrington, partners in business as Dibrell Brothers, as being indebted to, or having in their possession effects of the defendant W. C. Thomas." Also a proceeding against W. C. Thomas & Co. by R. A. Craxton upon which is the same endorsement; also a similar proceeding by Reagan, Walton & Davis with the same endorsement. The witness Tapp said that he received notice of the attachment through the mail. His Honor held that the attachment proceedings should not be introduced and used to decrease the amount of the plaintiff's claim. To this ruling the defendants ex-cepted. The value of this exception is dependent upon the correctness of his Honor's charge and the finding of the jury upon the second issue. He told the jury that the burden was upon the plaintiffs to satisfy them by the greater weight of the evidence that the defendants were a partnership at the time of the purchase of the tobacco referred to in the complaint; that if they found that Dibrell Brothers was a corporation, they might consider further whether the tobacco was bought for the corporation. The jury having answered the second issue as set out in the record, it was entirely imma-terial whether the attachment proceedings in Virginia were valid or not. They were against W. C. Thomas & Co., and there was not a scintilla of evidence tending to show that the plaintiffs were ever members of such a copartnership, or that any such ever existed. All the evidence was to the

effect that the tobacco was purchased of the corporation, the W. C. Thomas Tobacco Compay.

The defendants except to his Honor's charge for that there was no evidence that there was any such partnership as Dibrell Brothers. This exception presents the vital question in the case. We do not think it can be sustained. The plaintiff Tapp swore that they were partners. The letter introduced by the plaintiffs was competent to be considered by the jury upon the question. The record in three of the attachment suits shows that they were garnisheed as partners. In their answer they say that they have suffered loss, and set up a counter claim. Of course this must be as partners, because the corporation was not sued. We think there was evidence, competent and sufficient to be considered by the jury, tending to show a partnership. This having been found, the attachment proceedings against W. C. Thomas & Co. could not affect the right of the plaintiff. It is singular, in the light of the testimony of Rouse, that the defendants permitted judgment to be entered against them as garnishees when they could so easily have defended themselves. It may be that some light is thrown upon the matter by reference to the fact that "A. B. Carrington, agent for and a stockholder in the Hoge-Irvin Co.," made the affidavit in the attachment proceeding. This record presents the singular spectacle of both parties supposing that they were dealing with partnerships, whereas, as the jury find, the defendants were trading as a partnership with a corporation. The confusion and litigation show the wisdom of our Corporation Act requiring the names of all corporations to end with the word "Company." It would safeguard persons dealing with trading or mercantile corporations to require by statute that all stationery, advertisements and contracts should contain the word "Incorporated."

We do not find any error in his Honor's rulings or instruc-

tions.   If the defendants have suffered loss by the attachment proceedings, it is the result of their refusal to defend themselves on the return ,of the garnishment.   The judgment is

Affirmed.