NELL G. BROWN v. LANDIS G. BROWN.

(Filed 19 May, 1965.)

1. **Trial § 33—**

Where appellant fails to bring the matter to the court's attention in apt time, a slight inaccuracy of the court in recapitulating the testimony of a witness does not warrant a new trial.

**2. Appeal and Error § 19—**

   An assignment of error must disclose the question sought to be presented without the necessity of going beyond the assignment of error itself.

**3. Appeal and Error § 24—**

   An assignment of error which refers to the exception number and the page of the record at which the exception is noted, and asserts that the court erred in its explanation of the law on the subject, is ineffectual, since it fails to disclose the question sought to be presented within the assignment itself, and since it is a broadside assignment of error in failing to point out any particular part of the charge objected to.

**4. Trial § 18—**

   It is the province of the jury to weigh the credibility of the testimony, with the right to believe any part or none of it, and therefore where the testimony of the wife in her action for alimony without divorce would permit the jury to answer the issue either for or against her as they found the facts to be from her testimony, the verdict against her is conclusive on appeal, notwithstanding the defendant offered no evidence.

APPEAL by plaintiff from *Johnson, J.,* August-September 1964 Session of BRUNSWICK.

Civil action instituted under the provisions of G.S. 50-16 for alimony without divorce.

Plaintiff in her complaint alleged that she and her husband, who are both residents of Southport, North Carolina, were married in San Francisco, California, on 4 November 1943 and lived together as man and wife until 23 June 1957, at which time, as a result of disagreement, it became necessary to their welfare and happiness for them to separate. On 7 June 1958 they began living together again. Because of marital difficulties, they separated again in November 1963. They began to live together again on 20 December 1963, but not on friendly and peaceful terms. On 14 February 1964 defendant left their home, and has continued to live separate and apart from her. That while they were living together the last time defendant, by his verbal abuse of her and assaults upon her continued over a considerable period of time, endangered her life and offered such constant indignities to her person as to render her condition intolerable and life burdensome. That no child was born of the marriage, but they have two adopted children, aged 16 and 12 years. That defendant is a practicing physician and surgeon in Southport, and has an annual income in excess of $25,000 and owns real estate valued at $60,000. Wherefore, she prays for a judgment requiring defendant to pay her a reasonable subsistence for herself and their two adopted children, and for counsel fees for her lawyer.

Defendant filed an answer denying the crucial allegations of the complaint. And for a further answer and defense defendant alleges in 17 pages in minute detail assaults upon him by plaintiff, verbal abuse

of him, harassment of him, interference with the practice of his profession to the degree she made his life burdensome and forced him to leave his home.

So far as the record discloses, plaintiff made no request for a hearing for temporary subsistence *pendente lite.*

Plaintiff offered evidence. Defendant offered no evidence.

The following issues were submitted to the jury, and answered as indicated:

"1.   Has the defendant, by cruel or barbarous treatment, endangered the life of plaintiff?

ANSWER:   No.

"2.   Was such conduct on the part of the defendant brought about by any act or deed of provocation on the part of the plaintiff?

ANSWER: ............

"3.   Has the defendant offered such indignities to the person of the plaintiff as to render her condition intolerable and her life burdensome, as alleged in the complaint?

ANSWER:   No.

"4.   Was such conduct on the part of the defendant brought about by any act or deed of provocation on the part of plaintiff?

ANSWER:   ............"

From a judgment entered upon the verdict that plaintiff recover nothing from defendant, and taxing her with the costs, she appeals.

*W. K. Rhodes, S. Bunn Frink, and E. J. Prevatte by W. K. Rhodes for plaintiff appellant.*

*Burney & Burney by John J. Burney, Jr., for defendant appellee.*

PER CURIAM.   Plaintiff first assigns as error that the court's recapitulation of certain parts of plaintiff's testimony is at variance with her actual testimony in the record. An examination of her testimony and the charge shows that the variance, if any, is slight. The court is not required to give the jury a verbatim recital of the testimony. It must of necessity condense and summarize the essential features thereof. When its recital of the evidence does not correctly reflect the testimony of the witness in any particular respect, it is the duty of counsel to call attention thereto and request a correction. As the trial court's attention was not called thereto, and no exception was entered in apt time,

this assignment of error is not now tenable. *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829.

Plaintiff's second assignment of error is: "The court erred in its explanation of the law on the subject to the jury. This assignment of error is based upon plaintiff's exception #2 (R. p. 65)." Her third and last assignment of error is: "The court erred in its explanation of the law on the subject to the jury. This assignment of error is based upon plaintiff's exception #3 (R. p. 67)." We have stated again and again that the error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment of error itself to learn what the question is. *Balint v. Grayson,* 256 N.C. 490, 124 S.E. 2d 364; Strong's N. C. Index, Vol. 1, Appeal and Error § 19, p. 90 (Supplement p. 31). In addition, these assignments of error are "broadside," in that these assignments of error in themselves do not point out any particular parts of the charge objected to, but require an examination of the charge. However, in spite of the defective and faulty assignments of error, we have examined the charge as a whole, and find no error sufficiently prejudicial to justify disturbing the verdict and judgment entered.

The jurors here were the sole judges of the credibility of the witnesses. They had a right to believe all that a witness testified to, or to believe nothing that a witness testified to, or to believe part of the testimony and to disbelieve part of it. It is manifest from a careful reading of the three pages of plaintiff's testimony on direct examination and of the nine pages of her testimony on cross-examination, and of the testimony of her witnesses, that the plaintiff's and defendant's married life, certainly since their first separation in 1957, has been one of discord and strife, and that her evidence would permit a jury to answer the issues submitted to them either in her favor or against her, as they found the facts to be under a charge free from prejudicial error.

In the trial below plaintiff has shown no prejudicial error.

No error.