CLINTON BUNTON v. DON R. RADFORD AND JAMES D. FAULKNER.

(Filed 22 September, 1965.)

1. **Automobiles § 41a;     Trial § 26—**

Variance between plaintiff's pleading and proof concerning the name of the street on which the collision occurred and the compass directions in which the vehicles were traveling is immaterial and insufficient to require nonsuit when it does not appear that defendant was misled to his prejudice thereby.

**2. Automobiles § 55.1—**

    Judicial findings that the driver of plaintiff's car was not plaintiff's agent, that both drivers were actionably negligent, and that the driver of the other car was the agent of the second defendant, entitles plaintiff to judgment against both defendants for the damages to his car.

APPEAL by plaintiff from *Martin, S.J.,* March 1965 Special Non-Jury Session of BUNCOMBE.

Action for damages to plaintiff's automobile and loss of its use in plaintiff's business resulting from a collision between it and the automobile of the defendant Faulkner, driven by the defendant Radford within the City of Asheville, April 1, 1961. The defendant Faulkner filed an answer alleging a counterclaim for damages to his automobile as a result of the same collision. The record contains no answer by the defendant Radford.

The complaint alleges that, at the time and place of the collision, the plaintiff's automobile was being operated in a westerly direction on Lodge Street, and that the automobile of the defendant Faulkner was being operated in an easterly direction on Lodge Street. These allegations are admitted in the answer of the defendant Faulkner, but in his counterclaim Faulkner alleges that, at the time of the collision, his own automobile was being operated in an easterly direction on Sweeten Creek Road, or U. S. Route 25,. and that the automobile of the plaintiff was being operated in a westerly direction thereon. The record contains no reply.

The trial judge, sitting without a jury, found these facts:

The vehicles collided on April 1, 1961, while the automobile of the plaintiff was being operated by his son in a northerly direction on U. S. Highway 25A and that of the defendant Faulkner was being operated thereon in a southerly direction by the defendant Radford. The driver of the plaintiff's automobile was negligent in that he did not keep a proper lookout, operated the vehicle at a speed which was too fast under the prevailing conditions, proceeding from a parked position to a rate of 25 miles per hour in a distance of less than 100 feet, and skidded or slid into the Faulkner car. The defendant Radford (admitted by the answer of Faulkner to have been Faulkner's agent and to have been driving in the course of his employment) was negligent in making a left turn from U. S. Highway 25A into a private driveway without first ascertaining that it could be done in safety, and without maintaining a proper lookout. The plaintiff's automobile was damaged to the extent of $462.72, and the Faulkner car to the extent of $450.00. The plaintiff did not use his automobile in the furtherance of any business.

The trial judge concluded as a matter of law: Both drivers were negligent and the negligence of each was one of the proximate causes of the collision. There was no relationship of agency between the plaintiff and the driver of his automobile. There is a fatal variance between the plaintiff's allegation that his car was being operated in a westerly direction on Lodge Street at or near the intersection of Fairview Road (admitted in the answer) and his proof that it was being operated in a northerly direction on U. S. 25A.

Judgment was entered dismissing the plaintiff's cause of action as of nonsuit on the ground of the variance and dismissing the defendant Faulkner's counterclaim as of nonsuit. The defendant Faulkner did not appeal. The plaintiff-appellant assigns no error other than the nonsuit of his action on the ground of variance.

*Uzzell and Dumont by John E. Shackelford for plaintiff.*
*S. Thomas Walton for defendants.*

PER CURIAM. "No variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action upon the merits. Whenever it is alleged that a party has been so misled, that fact and in what respect he has been misled must be proved to the satisfaction of the court; * * * Where the variance is not material as herein provided, the judge may direct the fact to be found according to the evidence, or may order an immediate amendment without costs." G.S. 1-168.

On this record it does not appear that the defendant was misled to his prejudice by the variance between the plaintiff's pleading and proof concerning the name of the street on which the collision occurred and the compass directions in which the vehicles were traveling. Hence the variance was immaterial and was insufficient to support the judgment of nonsuit as to the plaintiff's cause of action. *Zager v. Setzer,* 242 N.C. 493, 88 S.E. 2d 94 (1955).

The trial judge, having found that the defendants were negligent, that their negligence was a proximate cause of the collision, that the driver of the plaintiff's automobile was not the plaintiff's agent, and that the plaintiff was damaged by the collision in the amount of $462.72, and no exception having been taken to any such finding, the plaintiff is entitled, upon the findings of the court, to judgment against the defendants in the amount of $462.72 with interest and costs.

The judgment of nonsuit of the plaintiff's cause of action is reversed and the cause is remanded to the Superior Court of Buncombe County

for the entry of a judgment in favor of the plaintiff against both of the defendants in accordance with the findings of fact heretofore made.

Reversed and remanded.