### STATE v. WERNER MOHRMANN.

(Filed 10 November, 1965.)

APPEAL by defendant from *Clark, Special Judge,* Second July 1965 Special Criminal Session of WAKE.

Criminal prosecutions on two separate warrants charging that defendant on June 27, 1964, (1) wilfully failed to stop at the scene of an accident and collision, in which the motor vehicle operated by him was involved, resulting in damage to the property of one Bartell Lane, a violation of G.S. 20-166(b), and (2) operated a motor vehicle upon the public highway while under the influence of intoxicating liquor, a violation of G.S. 20-138, tried *de novo* in the superior court after appeals by defendant from convictions and judgments in the City Court of Raleigh.

The two cases were consolidated for trial.

The jury, with reference to the charge alleged in each warrant, returned a separate verdict of guilty as charged; and in each of the two cases, the court pronounced judgment that defendant pay a fine of $100.00 and costs. Defendant excepted and appealed.

*Attorney General Bruton, Assistant Attorney General Barham and Staff Attorney Partin for the State.*

*Earle R. Purser for defendant appellant.*

PER CURIAM. There was ample evidence to support the verdict in respect of the charge alleged in each of the two warrants. Hence, the assignments of error directed to the court's denial of defendant's motions for judgments as of nonsuit are without merit.

Defendant's other assignments of error do not comply with Rules 19(3) and 21. See Rules of Practice in the Supreme Court, 254 N.C. 783, *et. seq.* "We have stated again and again that the error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment of error itself to learn what the question is." *Brown v. Brown,* 264 N.C. 485, 488, 141 S.E. 2d

875. Nor does defendant's brief comply with Rule 28. See *Cudworth v. Insurance Co.*, 243 N.C. 584, 585, 91 S.E. 2d 580. Notwithstanding, we have examined the general arguments set forth in defendant's brief with reference to the assignments of error he attempts to bring forward. Suffice to say, such general arguments do not disclose prejudicial error.

No error.