TINDAL *v.* MILLS.

====

E. B. TINDAL, JR., T/A APEX OIL COMPANY v. O. J. MILLS.

(Filed 24 November, 1965.)

**Compromise and Settlement—**

> An offer of settlement by the execution of a series of promissory notes in the full amount of the claim is not an offer of compromise, and is competent in evidence.

APPEAL by defendant from *Carr, J.,* April 1965 Civil Session of WAKE.

Action upon an open account for goods sold and delivered.

Plaintiff alleges that during the period 29 June 1961 to 31 October 1961 defendant purchased from him specified merchandise, which was delivered to defendant at his request and upon his engagement to pay therefor, there is a balance of $6,609.74 due by defendant to plaintiff on account thereof, and defendant refuses to pay the same. Defendant denies plaintiff's allegations and avers that defendant's wife was the owner and operator of the business to which the merchandise was allegedly delivered, defendant was not connected with said business in any way during the period in question, plaintiff knew this, and defendant is not indebted to plaintiff in any amount.

Plaintiff and defendant offered evidence tending to support their respective allegations. Issues were submitted to and answered by the jury as follows:

"1. Is the defendant indebted to the plaintiff?
Answer: Yes.
"2. If so, in what amount?
Answer: $6,609.74."

Judgment was entered in accordance with the verdict.

*Holleman and Savage for plaintiff.*
*Seawell & Harrell for defendant.*

PER CURIAM. Defendant makes twenty-one assignments of error and brings forward and discusses eleven of these in his brief. It is noted that none of the assignments relied on, except that relating to nonsuit, complies with Rules 19(3) and 21 of the rules of practice in the Supreme Court. 254 N.C. 797, 803. See *Brown v. Brown,* 264 N.C. 485, 141 S.E. 2d 875. However, we have carefully examined and considered each of them.

Defendant seems to stress, somewhat more than his others, the contention that the court erred in admitting, over his objection, testimony by plaintiff and one of plaintiff's witnesses that defendant offered to give a series of notes in discharge of the debt in question. Defendant contends this testimony relates to an unaccepted offer of compromise and was incompetent. Plaintiff and his witness testified that defendant did not deny, but acknowledged, the debt in its entirety, and offered to pay it in full by giving a series of promissory notes of $1000 each, payable in successive years, and that plaintiff declined to defer payment as thus suggested. Defendant testified that no such offer was made. In our opinion the testimony in question does not constitute an offer of compromise. ". . . negotiations alleged to constitute all or any part of an unsuccessful compromise treaty may be admitted as admissions of liability where it appears that they proceeded on the tacit assumption that the entire amount claimed was actually due, or where there was no denial, express or implied, of liability and the only questions discussed were the amount to be paid, the terms, time or method of payment, or whether the declarant should be given some incidental advantage in consideration of payment." 31A C.J.S., Evidence, § 285, pp. 730, 731. See also *Tapp v. Dibrell,* 134 N.C. 546, 47 S.E. 51.

Plaintiff's evidence is sufficient to withstand nonsuit. The evidence of plaintiff and defendant is in sharp conflict. The jury has resolved

the matter in favor of plaintiff. Nothing has been presented which justifies a reversal of the judgment or a new trial.

No error.