JAMES LEWIS, Plaintiff, v. CALVIN BARNHILL and CONSTRUCTION EQUIPMENT RENTAL COMPANY, Defendants, FOARD CONSTRUCTION COMPANY, Additional Defendant.

(Filed 16 June, 1966.)

1. **Trial § 21—**

   On motion to nonsuit, plaintiff's evidence is to be considered in the light most favorable to him, resolving all conflicts in his favor and giving him the benefit of all reasonable inferences deducible therefrom, and defendant's evidence is to be considered only insofar as it is favorable to plaintiff.

2. **Negligence § 26—**

   Nonsuit on the ground of contributory negligence may be allowed only when plaintiff's own evidence establishes this defense so clearly that no other conclusion can reasonably be drawn therefrom.

3. **Negligence §§ 24a, 26—**

   Evidence tending to show that a crane operator, in hoisting joists progressively toward one corner of the building site over which was suspended an electric power line of which he had an unobstructed view, permitted one end of the steel joist to come in contact with the power line while plaintiff workman, with his back to the power line, was concentrating upon placing his end of the joist at the proper place along the center girder of the building, *held* sufficient to be submitted to the jury on the issue of the crane operator's negligence and not to disclose contributory negligence as a matter of law on the part of plaintiff.

4. **Negligence § 11—**

   One engaged in work requiring his concentration upon a particular area, thus preventing him from maintaining a lookout, may not be held contributorily negligent as a matter of law in assuming that another worker performing another aspect of the same job will perform his own assignment in a reasonably careful manner so as not to increase the danger.

5. **Trial § 26—**

   Nonsuit for variance may not be granted on the ground that one of plaintiff's witnesses testified to a material circumstance at variance with plaintiff's allegations when plaintiff's own testimony is consonant with the allegations, since conflicts in plaintiff's evidence must be resolved in his favor.

6. **Same—**

   Allegation that plaintiff was standing on a ladder placed so that his back was to the source of danger, with testimony that the ladder was facing in the opposite direction, cannot justify nonsuit for variance when plaintiff's testimony tends to show that in the performance of his work, requiring concentration upon a particular area, his back was to the source of the danger. Variance as to which direction the ladder was facing is not material under the evidence. G.S. 1-168.

**7. Master and Servant § 3—    Evidence held to support finding that lessor of crane was an independent contractor.**

Where the evidence tends to show a builder leased a crane with operator solely for the purpose of lifting steel beams and joists into place in the construction of a building, the operator being paid solely by the lessor who had sole right to recall the operator and substitute another, and it appears that it was intended both by the lessor and the builder that the mechanical operation of the crane would be handled by the operator pursuant to his own judgment, *held* the evidence is sufficient to be submitted to the jury and sustain its determination that the lessor was an independent contractor and that the crane operator was his employee and not an employee of the builder.

**8. Master and Servant § 86—**

Neither an independent contractor nor an employee of the independent contractor is immune to suit at common law for injury negligently inflicted upon an employee of the main contractor. G.S. 97-9.

**9. Trial § 33—**

A charge is not subject to the objection that the court failed to explain the law on a particular aspect of the case when the charge, considered contextually and in connection with an immediately prior instruction upon a related aspect, adequately states the evidence to the extent necessary to explain the application of the law upon the aspect in question. G.S. 1-180.

**10. Same—**

When the court, in its summarization, correctly recites the essential features of the evidence and the contentions of the parties, it is the duty of counsel to call to the court's attention any minor inaccuracies.

**11. Negligence §§ 21, 28—**

While the burden rests upon plaintiff upon the issue of negligence, there is no presumption that the defendant was negligent or that he was not negligent, and an instruction to this effect is not prejudicial error.

**12. Master and Servant § 86—**

In the employee's action against a third-person tort-feasor there is no prejudice to defendant in striking from the answer the allegation that plaintiff had received compensation payments under the Workmen's Compensation Act when the court reduces the verdict by any amount to which the employer would have been entitled to receive by way of subrogation but for his own negligence. G.S. 97-10.2(e).

**13. Same—**

The refusal to permit defendants to amend the answer to assert that they were conducting the business of plaintiff's employer is not error when there is allegation and evidence to sustain a finding that one of defendants was an independent contractor and the other defendant an employee of the independent contractor and not an employee of plaintiff's employer.

**14. Pleadings § 8;    Indemnity § 3—**

In an action by an employee against a third person tort-feasor, it is not error for the court to exclude from evidence a contract purporting to

be an agreement of the employer to indemnify defendants against loss in the premises.

**15. Principal and Agent § 5—**

The authority of a construction superintendent to place an order for rental equipment does not, as a matter of law, carry with it implied authority on the part of the superintendent to enter into an indemnity contract on behalf of his employer.

**16. Indemnity § 2—**

An agreement to indemnify the lessor of equipment from liability in the operation of the equipment while in the possession or under the control of the lessee cannot cover an injury inflicted while the equipment is in the exclusive control and custody of lessor's employee.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.

APPEAL by original defendants from *Pless, J.,* 16 August 1965, Schedule A, Civil Session of MECKLENBURG.

The plaintiff, an employee of Foard Construction Company, hereinafter called Foard, was injured while working in the course of his employment in the construction of a building in Charlotte. He has been paid benefits due him from Foard under the North Carolina Workmen's Compensation Act.

Foard was the general contractor upon the construction project. It contracted with Construction Equipment Rental Company, hereinafter called CERCO, whereby CERCO, for a fixed hourly charge paid by Foard, sent to the construction site a crane, an operator thereof and a helper, Barnhill being the operator of the crane, and one Pendergrass, the helper. On arrival, the crane, operated by Barnhill, was used to lift steel joists from the ground and place them in position as supports for the roof of the building. When so placed, one end of each joist rested upon the outside wall of the building and the other rested upon a steel beam running lengthwise along the center line of the building and supported by steel columns. At the time, there was no roof on the building, it being open to the sky.

The plaintiff was stationed by Foard at the interior beam, and another employee of Foard was stationed at the exterior wall of the building, their duties being to take hold of the steel joists as they were brought to them by the crane and to place the end of the joist at the spot previously marked by Foard, these spots not being visible to the operator of the crane. An electric power line ran diagonally across one corner of the building and slightly within the lines of the walls, projected upward, at a height of seven or

eight feet above the top of the wall. This power line carried an electric current at a high voltage. As each joist was set in place the plaintiff and the worker on the outside wall of the building moved their ladders along the center beam and the wall to the location selected for the next joist; that is, moving nearer and nearer to the corner over which the power line ran. After a number of joists had been so set in place, the plaintiff sustained a severe electric shock when placing upon the steel center beam his end of a joist then suspended in air by the crane, the other end of the joist being in contact with the electric power line, of which contact the plaintiff was unaware. As a result, the plaintiff fell to the ground and sustained substantial injuries. He now sues Barnhill and CERCO, alleging that Barnhill was negligent in operating the crane so as to permit the steel joist to come in contact with the power line while it was in contact with the plaintiff, or so as to permit it to come in contact with him, while in contact with the power line. He seeks to recover from CERCO on the theory that it is liable, under the doctrine of *respondeat superior,* as the employer of Barnhill.

Barnhill and CERCO filed a joint answer and brought Foard into the action as an additional defendant. After denying any negligence by themselves, they allege as further defenses: (1) Concurring negligence by Foard, barring Foard's right to subrogation under the Workmen's Compensation Act, in that it failed to cause the current to be turned off from the power line, failed to warn the plaintiff and the original defendant of the danger and failed to provide the plaintiff with a safe place in which to work; (2) Barnhill was, at the time of the accident, the servant and employee of Foard, by reason of which relation the plaintiff is not entitled to recover in this action from Barnhill or CERCO, the Workmen's Compensation Act being pleaded in bar of his action; and (3) contributory negligence by the plaintiff.

Barnhill and CERCO also alleged a cross action in favor of CERCO against Foard on the basis of an alleged agreement by Foard to indemnify CERCO from loss and expense on account of injury to any person by the operation of the rented crane. The cross action was stricken on motion by the plaintiff. Barnhill and CERCO then moved to amend their answer by adding an additional further defense to the effect that the action is barred by the Workmen's Compensation Act since Barnhill and CERCO were, at the time of the injury, engaged in conducting the business of Foard. The motion to amend was denied.

The jury found that the plaintiff was injured by the negligence of Barnhill, that he was not guilty of contributory negligence, that

Barnhill was the employee of CERCO, that he was not the employee of Foard, that the negligence of Foard concurred with that of Barnhill and CERCO in producing the plaintiff's injury and that the plaintiff was entitled to recover $18,000. Thereupon, judgment was entered in favor of the plaintiff for the amount of the verdict, less the amount which Foard would have been entitled to receive by way of subrogation under the Workmen's Compensation Act had it not been so found negligent. From this judgment Barnhill and CERCO appeal, assigning as errors the denial of their motions for judgment of nonsuit, certain rulings upon the admission of evidence, rulings with respect to motions concerning the pleadings and certain portions of the instructions of the court to the jury.

*Grier, Parker, Poe & Thompson by Gaston H. Gage for defendant appellants.*

*Charles T. Myers and Robert L. Scott for plaintiff appellee.*

LAKE, J.

### THE MOTION FOR JUDGMENT OF NONSUIT

It is elementary that upon a motion for judgment of nonsuit the evidence introduced by the plaintiff is to be interpreted in the light most favorable to him, all conflicts therein are to be resolved in his favor, all reasonable inferences therefrom which are favorable to him are to be drawn, the evidence introduced by the defendant is to be considered only insofar as it is favorable to the plaintiff and the motion for nonsuit may not be allowed on the ground of contributory negligence unless the plaintiff's own evidence establishes such negligence so clearly that no other conclusion can reasonably be drawn therefrom. *McArver v. Gerukos,* 265 N.C. 413, 144 S.E. 2d 277; *Moss v. Tate,* 264 N.C. 544, 142 S.E. 2d 161; *McNamara v. Outlaw,* 262 N.C. 612, 138 S.E. 2d 287; *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360; Strong, N. C. Index, Negligence, §§ 24a, 26.

So interpreted, the evidence tends to show, in addition to the uncontroverted facts above stated and in addition to the nature and extent of the plaintiff's injuries, the following:

When the construction of the building reached the stage for setting the joist in place, Foard telephoned CERCO and asked it to send out a crane and operator. For a fixed charge per hour, CERCO sent the crane with Barnhill as its operator and Pendergrass as his helper. Barnhill had worked for CERCO for 17 years as crane operator. The operation of this type of crane is a highly specialized activity. Foard operates no crane itself. Its superintendent on the job was not qualified to operate one. Foard relied on CERCO to

provide a qualified crane operator and did not undertake to determine Barnhill's qualifications.

No one in the Foard organization undertook to tell Barnhill where to place the crane within the walls of the building, at what angle to set its boom or how, mechanically, to put the joists in the places predetermined and marked by Foard. Foard gave Barnhill no instruction as to how to operate the crane. Foard's superintendent, Simpson, merely told Barnhill what steel he wanted lifted by the crane and where he wanted it. After certain other structural steel was put in place by the crane, the moving of the steel joists, one by one, from the ground to the desired positions atop the wall and center beam began.

The cable of the crane was fastened to the center of the joist as it lay on the ground, this being done sometimes by an employee of Foard and sometimes by the helper sent with the crane by CERCO. When it was so fastened, the person fastening it gave by hand a signal to Barnhill that the joist was ready to be lifted. This person also held a rope, called a tagline, fastened to the plaintiff's end of the joist for the purpose of preventing the joist from swinging from side to side as the crane moved it through the air. The tagline could not prevent the far end from rising. Barnhill then operated the crane so as to cause the joist to rise to a height above the center beam of the building and swung it over the center beam to the other side thereof and then lowered it to rest upon the center beam and the outside wall. The plaintiff stood upon a ladder resting against the center beam and another employee of Foard stood upon a ladder resting against the outside wall. The assignment of each was to lay hold upon his end of the joist as it was brought to him by the crane and guide that end to the spot on the center beam or outside wall which had been previously marked by Foard. When it was so placed, the tagline was released and one of them gave by hand a signal to Barnhill that the cable could be slackened to permit its detachment from the joist. No other instructions or signals were given to Barnhill. Barnhill determined by eye and by his own judgment how high to lift the joist in order to swing it over the center beam.

At the time of the injury the plaintiff was standing on his ladder with his back to the far end of the joist. He took hold of his end of the joist then being brought toward him by the crane, and placed it down upon the steel center beam, which was grounded through the supporting steel columns. At that instant the far end of the joist was in contact with the power line and he received a massive electric shock. When Barnhill observed the electric spark he released the

brake on the crane and let the joist down until its contact with the power line was broken.

There was nothing to obstruct Barnhill's view of the plaintiff, of the worker on the outside wall, or of the power line. Foard knew of the presence of the power line and had requested the power company to move it but, on the day in question, had observed that this had not been done. Foard did not warn the plaintiff or Barnhill of the presence of the wire. It could easily be seen. The joist could have been raised, brought around and lowered without striking the wire. This particular joist went too high. At the time of the injury the tagline attached to it was being held by Pendergrass, the helper sent by CERCO. The plaintiff, while engaged in placing his end of the joist on the designated spot, could not see the other end which came in contact with the power line. As the various joists had been so put into position, the end nearest to the plaintiff customarily came in lower than the other end so that the plaintiff placed his end onto its designated position first.

Barnhill was never on Foard's payroll. He was paid by CERCO. His pay began when he left its shop with the crane and his day ended when he returned to CERCO's place of business. The helper took his instructions on the job from Barnhill.

Evidence offered by the defendants tended to show:

CERCO's instructions to Barnhill were simply to report on the job with the crane and helper. Foard was to tell him what work to do there. This entire assignment required only one day. The operator of the crane must have hand signals from someone in order to know when to lift the load and he must be told where to put the thing lifted. The job superintendent told Barnhill when to start and when to stop work. Barnhill had no authority to permit anyone else to operate the crane had Foard instructed him to do so. Barnhill did not see the power line before the joist struck it.

The above evidence is amply sufficient to support the finding by the jury that Barnhill was negligent and its finding that the plaintiff was not guilty of contributory negligence. From it the jury could find that at the time of this occurrence Barnhill's view of the power line, the joist and the plaintiff was unobstructed. The evidence is sufficient to show that had he kept a reasonable lookout, commensurate with the danger which he knew, or should have known, to be present and to be increasing progressively as joist after joist was set in place, he could have prevented the contact between the joist and the power line. The plaintiff's work, on the other hand, required his close attention to the movement of his end of the joist and precision by him in placing it upon the designated spot on the

center beam. Though the plaintiff also knew, or should have known, of the presence of the power line, there is ample evidence to support a finding that, with reasonable care, Barnhill could have brought the joist over the center beam and to the plaintiff and the worker on the outside wall at a lower level and thus have avoided any contact with the power line. One engaged in work which can be done safely, and whose assignment prevents him from maintaining a lookout, may not be held contributorily negligent, as a matter of law, when he proceeds with his duties on the assumption that another worker will perform his own assignment in a reasonably careful manner and thus not increase the danger. *Carrigan v. Dover,* 251 N.C. 97, 110 S.E. 2d 825; *Weavil v. Myers,* 243 N.C. 386, 90 S.E. 2d 733; 38 Am. Jur., Negligence, § 192; 65 C.J.S., Negligence, § 118c. The motion for nonsuit could not, therefore, properly have been granted on the ground that Barnhill was not negligent or on the ground that the plaintiff was.

The defendants also contend that their motion should have been allowed because of variance between the plaintiff's allegation and the plaintiff's proof. They contend that whereas the plaintiff alleged in his complaint that he was standing upon a ladder placed so that he was facing away from the wall over which the power line ran, his witness, Foard's superintendent, testified that the ladder was placed so that he faced the power line. It is sufficient to note that the plaintiff, himself, testified that the ladder was placed as specified in the complaint. Thus, when the evidence is taken in the light most favorable to the plaintiff and conflicts are resolved in his favor, there was no variance. In any event, the direction in which the ladder faced was a mere detail. The plaintiff offered abundant evidence to show that as he placed his end of the joist on the center beam he could not see the power line, and his assignment was such that his attention was concentrated upon his end of the joist. Even if the ladder was facing the power line, the variance is not material under the rule of G.S. 1-168. Clearly, it is not such as to constitute a failure of proof so as to support a judgment of nonsuit. See *Bunton v. Radford,* 265 N.C. 336, 144 S.E. 2d 52; *Wilson v. Bright,* 255 N.C. 329, 121 S.E. 2d 601.

The defendants' major contention with reference to the motion for judgment of nonsuit is that, at the time of the injury, Barnhill was not the servant of CERCO but was the servant of Foard. If this be true, CERCO would not be liable on the basis of the doctrine of *respondeat superior* and Barnhill would be absolved from liability by the provisions of the Workmen's Compensation Act. G.S. 97-9.

Unquestionably, an employer may lend or otherwise furnish his employee to another person so as to be relieved from liability for an injury caused by the negligence of the employee in performing work for the other person. *Jackson v. Joyner,* 236 N.C. 259, 72 S.E. 2d 589; *Leonard v. Transfer Co.,* 218 N.C. 667, 12 S.E. 2d 729; *Shapiro v. Winston-Salem,* 212 N.C. 751, 194 S.E. 479. It is equally true that an employer may, for a consideration or otherwise, direct his employee to go upon the premises of another and there perform work, to be designated by such other person, without severing the employment relation between the general employer and the employee.

In *Weaver v. Bennett,* 259 N.C. 16, 129 S.E. 2d 610, the facts were quite similar to those in the present case. A judgment of nonsuit on the ground that the negligent servant was, at the time of the plaintiff's injury, the employee of the borrower was reversed. Bobbitt, J., speaking for the Court, carefully reviewed and analyzed numerous authorities from this and other jurisdictions dealing with liability for the negligence of a loaned servant. The views there expressed control the decision in the present matter. Quoting with approval from *Mature v. Angelo,* 373 Pa. 593, 97 A 2d 59, Bobbitt, J., said:

> " 'The crucial test in determining whether a servant furnished by one person to another becomes the employe of the person to whom he is loaned is whether he passes under the latter's right of control with regard not only to the work to be done *but also to the manner of performing it* * * *
>
> " 'Where one is engaged in the business of renting out trucks, automobiles, cranes or any other machine, and furnishes a driver or operator as part of the hiring, there is a factual presumption that the operator remains in the employ of his original master, and, unless that presumption is overcome by evidence that the borrowing employer *in fact* assumes control of the employe's *manner of performing the work,* the servant remains in the service of his original employer.' "

Here, Barnhill was sent with the crane by CERCO to do work for a short period of time upon the construction project of which Foard was the general contractor. The crane was an expensive, complicated machine. Its operation required skill and experience. CERCO had frequently so supplied equipment and operators to Foard. Foard operated no cranes of its own. Its job superintendent was not qualified to operate a crane. Clearly, it was intended, both by CERCO and by Foard, that the mechanical operation of the

crane would be handled by Barnhill pursuant to his own judgment and not pursuant to instructions to be given him by Foard. CERCO could have, at any time during the day, recalled Barnhill from this assignment and substituted another operator. Foard had no such authority. Barnhill was paid for his day's work by CERCO. Arriving at the site of the work, he was told only that certain pieces of steel were to be lifted from the ground and carried through the air by the crane so that one end could be placed by an employee of Foard on the center beam and the other end could be placed on the outside wall. How he was to get the joist to that position was left to Barnhill's skill and judgment. The hand signals given to him to show that the cable was fastened and the joist was ready to be lifted, and to show that the joist was in place so that the cable could be slackened and disconnected, were not commands. They merely relayed information which Barnhill could not determine for himself because of his position. The evidence falls far short of showing assumption of control by Foard over Barnhill's operation of the crane so as to make Barnhill, temporarily, the servant of Foard and not the servant of CERCO within the test of *Weaver v. Bennett, supra.*

In *Leggette v. McCotter*, 265 N.C. 617, 144 S.E. 2d 849, we had before us a claim under the Workmen's Compensation Act by reason of the death of the loaned servant by accident on the job to which he was sent by his general employer along with earth moving equipment. We held that the evidence was sufficient to support the finding by the Industrial Commission that, at the time of the accident, the deceased was the employee both of his general employer and of the lessee of the equipment. There are many similarities between the *Leggette* case and the one now before us. There are also material differences. In the *Leggette* case, the evidence was sufficient to show that the lessee had authority to terminate the employee's employment at the construction site, which is not shown on the present record. There, the employee was at the lessee's "disposal." There, the rented equipment and the employee remained on duty at the construction site for months, as contrasted with a single day in the present case. See Restatement of Agency, § 227, comment. In the *Leggette* case, the general employer "occasionally" rented to its building supply customers pieces of machinery together with an operator thereof. In the present case, the rental of such equipment, together with the operator thereof, was the regular business of the lessor, as its name implies. See Restatement of Agency, *supra.* Furthermore, in the *Leggette* case, we were not called upon to decide, and did not decide, that the evidence compelled a find-

ing, as a matter of law, that the operator of the equipment was the servant of both the lessor and the lessee at the time of his injury. We held only that the evidence was sufficient to support such finding of fact by the Industrial Commission and, therefore, its award could not be set aside as an error of law by the superior court. In the present case, to sustain the motion for judgment of nonsuit, it would be necessary for us to hold that, as a matter of law, the evidence compels the finding that the operator was the servant of the lessee only. We hold that the evidence now before us was sufficient to require the submission of this issue to the jury. The jury found that Barnhill was not the employee of the lessee, Foard.

The defendants next contend that the motion for judgment of nonsuit should have been granted because CERCO, itself, was a person "conducting" the business of Foard within the meaning of G.S. 97-9 and, therefore, clothed by that statute with immunity against suit by the plaintiff. Obviously, CERCO was not an employee of Foard but an independent contractor. We have held that the protection of this statute, against suit by an injured employee, extends to officers of the corporate employer, whose acts are such as to render the corporate employer liable therefor. It does not extend to independent contractors performing work pursuant to their contract with the employer of the injured person.

We conclude, therefore, that there was no error in the denial of the motion for judgment of nonsuit.

## INSTRUCTIONS TO THE JURY.

The defendants contend that, even though the motion for nonsuit was properly denied, they should be granted a new trial because the instruction with reference to the loaned servant issues did not comply with G.S. 1-180 in that there was a failure to relate the applicable principles of law to the evidence. The third issue submitted to the jury was whether, at the time of the plaintiff's injury, Barnhill was the employee of CERCO. The fourth issue was whether Barnhill was, at that time, the employee of Foard. The judge properly instructed the jury as to the burden of proof upon each issue. In connection with the third issue, he properly stated the principles of law applicable to the loaned servant relationship. Immediately thereafter, he took up the fourth issue and referred the jury to those instructions. Previously, he had reviewed briefly, but sufficiently, the evidence relating to the circumstances under which Barnhill was sent to and worked at the construction site. When the charge is considered as a whole, it cannot be held that the trial court failed, upon these issues, to state the evidence to the extent necessary to explain the application of the law thereto

or that he failed to declare and explain the law arising on the evidence as required by G.S. 1-180. We also find no merit in the contention that the court in its review of the evidence bearing upon these issues expressed an opinion.

In support of several assignments of error, the defendants contend that the court incorrectly stated the evidence and certain contentions of the parties. These assignments are overruled on the authority of *Brown v. Brown,* 264 N.C. 485, 141 S.E. 2d 875, and *Morgan v. Bell Bakeries, Inc.,* 246 N.C. 429, 98 S.E. 2d 464, and the authorities there cited. In the *Brown* case, this Court said:

> "The court is not required to give the jury a verbatim recital of the testimony. It must of necessity condense and summarize the essential features thereof. When its recital of the evidence does not correctly reflect the testimony of the witness in any particular respect, it is the duty of counsel to call attention thereto and request a correction. As the trial court's attention was not called thereto, and no exception was entered in apt time, this assignment of error is not now tenable."

The judge stated early in his charge, "You don't start off with a presumption that the defendant is negligent or that he isn't negligent; there just isn't any presumption about it." In this there was no error. This statement was followed by a correct charge with reference to the burden of proof on the issue of negligence. Upon this issue, the trial of a civil action does not commence with the scales tipped in favor of the defendant by an affirmative presumption of due care. The burden of proof rests upon the plaintiff to tip the scales in his favor by evidence of negligence, but no evidence by him is required to bring the scales up to an even balance. Statements in *Sloan v. Light Co.,* 248 N.C. 125, 102 S.E. 2d 822, and *Etheridge v. Etheridge,* 222 N.C. 616, 24 S.E. 2d 477, relied upon by the defendants in this connection, when read in context, are not inconsistent with this instruction by the court below. Assignment of error No. 6 is, therefore, overruled.

For the reasons above stated in the discussion of the motion for judgment of nonsuit, there was no material variance between the allegations of the complaint and the plaintiff's evidence concerning his failure to observe the contact between the joist and the power line. Consequently, there was no error in the denial of the defendants' request for an instruction that the first issue be answered "no" if the jury should find by the greater weight of the evidence that the plaintiff was not standing on the ladder with his back to the power line.

Likewise, for the reasons stated in connection with the motion

for judgment of nonsuit, there was no error in the instruction permitting the jury to find Barnhill negligent if he operated the crane so as to permit the joist to come in contact with the power line when he knew, or should have known, that injury was likely to result therefrom.

## RULINGS ON MOTIONS TO STRIKE AND AMEND PLEADINGS.

If there was error in striking from the answer of the defendants the allegation that the plaintiff had received compensation payments in accordance with the Workmen's Compensation Act, the defendants were not prejudiced thereby. The court properly reduced the verdict by the amount which Foard would have been entitled to receive by way of subrogation on account of such payments but for the verdict that its negligence concurred with that of the defendants to cause the injury of the plaintiff. This was in accord with the provisions of G.S. 97-10.2(e). This statute provides that the compensation paid under the Act could not properly have been shown to the jury.

There was no error in denying the motion of the defendants to amend the answer so as to assert as a fifth further defense that Barnhill and CERCO were conducting the business of Foard even though Barnhill was not, at the time of the accident, the servant of Foard. As above stated, the immunity to suit granted by G.S. 97-9 does not extend to an independent contractor, supplying equipment or performing work pursuant to a contract with the plaintiff's employer, nor does it extend to the employee of such independent contractor. *Weaver v. Bennett, supra.*

## RULINGS ON THE ADMISSIBILITY OF EVIDENCE.

There was no error in sustaining the plaintiff's objection to the introduction in evidence of the document purporting to be a contract between CERCO and Foard by which Foard agreed to indemnify CERCO against loss on account of any injury occasioned by the operation of the rented crane while "in the possession or under the custody and control of the lessee." The purported contract, if valid as between the parties, would not bar the plaintiff's right to recover from these defendants. His action against them should not be cluttered and confused by the simultaneous trial of a claim by one of the defendants against Foard on a contract to which the plaintiff was not a party. See *Gibbs v. Light Co.*, 265 N.C. 459, 468, 144 S.E. 2d 393. Furthermore, there is no evidence in this record that Foard's job superintendent, who signed the alleged contract, was authorized by Foard to do so. The authority of a superintendent on a construction project to place an order for necessary rental

equipment does not, as a matter of law, carry with it the implied authority to enter into an indemnity contract on behalf of his employer. In any event, even if the contract took effect, and would otherwise be admissible as against the plaintiff, it expressly states that the agreement to indemnify applies only to injuries occasioned by the operation of the equipment while it is "in the possession or under the custody and control of the lessee." The record clearly shows that this crane was never in the possession or control of Foard but was in the control and custody of Barnhill, the employee of CERCO, at all times while it was on the construction site.

We have carefully examined the remaining assignments of error relating to the admission and exclusion of evidence and find no error prejudicial to the defendants in any such ruling of the court.

No error.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.