## 20551

Carol Ann PARKER, Administrartix of the Estate of Donnie Edward Parker, Appellant, v. WILLIAMS & MADJANIK, INC., J. M. Ford, Ansley and Sutton Construction Company, Charles Ackley, James J. Reinbolt, James L. Williams, Donald Madjanik, William A. Nolan and George E. Darmstatter d/b/a Island Properties, of which Ansley and Sutton Construction Co., is Respondent.

(239 S. E. (2d) 487)

*Barnwell, Whaley, Stevenson & Patterson,* of Charleston, *for Appellant,*

*Murdaugh, Peters, Parker & Eltzroth,* of Hampton, and *Moss, Carter, Branton & Bailey,* of Beaufort, *for Respondent,*

November 29, 1977.

GREGORY, Justice:

This appeal is from the order of the lower court granting respondent Ansley and Sutton Construction Company's motion for summary judgment. The question presented is whether this action is barred by Section 42-5-10, 1976 Code of Laws of South Carolina. We find the action is not barred and reverse.

On appeal from an order granting respondent's motion for summary judgment we will review the evidence and all inferences reasonably deducible therefrom in the light most favorable to appellant. Summary judgment should be granted only where it is clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. C. I. T. *Financial Services v. Hunt,* 267 S. C. 644, 230 S. E. (2d) 713 (1976).

Appellant's decedent was employed by Yetter Homes as a construction worker. Williams & Madjanik, Inc. was the prime contractor on a project for Island Properties, and Yetter Homes had subcontracted to install roofing on the buildings under construction. Ansley and Sutton is in the business of leasing construction equpiment.

Yetter Homes leased a crane from Ashley and Sutton for the purpose of erecting roof trusses at the job site. Ansley and Sutton agreed to deliver a crane and operator on January 1, 1974 for a fixed hourly rate that included the wages of the operator.

On the day in question Yetter Homes directed the crane operator to place a load of plywood on the roof of a building where appellant's decedent was working. The weight of the plywood caused the roof to collapse, killing the decedent.

Decedent's employer paid the maximum workmen's compensation death benefit, and appellant brought this wrongful death action against Ansley and Sutton and others.

Based on the pleadings and depositions the lower court granted summary judgment in favor of Ansley and Sutton after finding that Ansley and Sutton was conducting the business of Yetter Homes at the time of the accident and that the deceased and the crane operator were co-employees. The lower court held the action was barred by Section 42-5-10, 1976 Code, which provides:

Every employer who accepts the compensation provisions of this Title shall secure the payment of compensation to his

employees in the manner provided in this chapter. While such security remains in force he or those conducting his business shall only be liable to any employee who elects to come under this Title for personal injury or death by accident to the extent and in the manner specified in this Title.

Although this section has been interpreted to preclude actions against co-employees, *Nolan v. Daley,* 222 S. C. 407, 43 S. E. (2d) 449 (1952), a fellow employee is not exempt from common law liability by virtue of Section 42-5-10 "unless at the time of the delict, the employee so exempted was performing work incident to the employer's business under circumstances which, in the absence of an applicable common law defense, would have rendered the employer liable at common law, for the acts of the employee under the doctrine of respondeat superior." *Williams v. Bebbington,* 247 S. C. 260, 146 S. E. (2d) 853, 855-856 (1966) ; *Boykin v. Prioleau,* 255 S. C. 437, 179 S. E. (2d) 599, 600 (1971).

In order for the crane operator to be immune from suit under Section 42-5-10 as a co-employee of the deceased, he must have been engaged in a course of conduct at the time of the delict that would have rendered Yetter Homes liable at common law under the doctrine of respondeat superior. If the operator is immune from suit, then Ansley and Sutton is likewise relieved of its vicarious liability.

Yetter Homes could be held responsible for the actions of the crane operator under the doctrine of respondeat superior only if the relationship of master and servant, or employer and employee, existed between the two at the time of the accident. While it is clear an employer may lend his employee to another so as to be relieved from liability for an injury caused by the negligence of the employee in performing work for the other, *Hutson v. Herndon,* 243 S. C. 257, 133 S. E. (2d) 753 (1963), it is equally true that an employer may direct his employee to go upon the premises of another and perform work there under the general supervision of the

other person without severing the employment relation between the employer and the employee.

The test generally used in determining whether an employee furnished by one person to another becomes the employee of the person to whom he is loaned is whether the employee passes under the latter's right of control with regard not only to the work to be done but also to the manner of performing it. *Young v. Warr,* 252 S. C. 179, 165 S. E. (2d) 797 (1969).

Here, the operator was sent with the crane to do work for one day. Yetter Homes operated no cranes of its own and expected this crane to be handled by Ansley and Sutton's employee according to his own judgment. The instructions given by Yetter Homes to the operator were not commands, but merely hand signals that relayed information which the operator could not determine for himself because of his position. Ansley and Sutton could have withdrawn the operator at any time during the day and substituted another. Yetter Homes had no such authority.

Since at the time of the accident the crane operator was not under the control of Yetter Homes, the relationship of master and servant did not exist between the two. Yetter Homes could have no common law liability for the acts or omissions of the operator, and the operator is not immune from suit under Section 42-5-10 as a co-employee of the deceased. Thus, Ansley and Sutton, whose liability is vicarious, is not immune.

Neither was Ansley and Sutton conducting the business of Yetter Homes within the meaning of Section 42-5-10 at the time of the accident. The phrase "those conducting his business" was defined in *Nolan v. Daley, supra,* as "any person who, as an employee of a covered employer, was performing any work incident to the employer's business, regardless of whether employed in a menial, supervisory or managerial capacity." Here, Ansley and Sutton was per-

forming work incident to a contract with Yetter Homes. The business of Yetter Homes was installing roofing and that of Ansley and Sutton furnishing construction equipment and labor for profit. At the time of the accident, Ansley and Sutton was advancing its own business, not that of Yetter Homes. 1A Larson, Workmen's Compensation Law § 48.23.

South Carolina's Workmen's Compensation Act is modeled after North Carolina's Act, and we have given great respect to the opinions of the Supreme Court of that state construing such act. The case of *Lewis v. Barnhill*, 267 N. C. 457, 148 S. E. (2d) 536 (1966) involves a factual situation virtually identical to that presently before the Court.

In *Lewis*, plaintiff was injured while working in the course of his employment in the construction of a building and received workmen's compensation benefits from his employer. Plaintiff's employer, the general contractor, had contracted with Construction Equipment Rental Company, hereinafter CERCO, whereby CERCO sent to the construction site a crane and operator for a fixed hourly rate. The crane was to be used to lift steel joists into position as supports for the roof of the building. Plaintiff was injured when a joist being lifted by CERCO's operator made contact with an electric power line. Plaintiff brought suit against CERCO for the negligence of its employee, the crane operator.

CERCO defended by arguing that the operator had become an employee of the general contractor, thus relieving CERCO of any common law liability on the basis of respondeat superior. The North Carolina court did not agree and held the operator remained an employee of CERCO, subject only to the contractor's authority to give the operator general instructions.

CERCO further argued it should share the general contractor's immunity from suit because at the time of the acci-

dent CERCO was conducting the business of the contractor. The court held that the protection of Section 97-9 of the General Statutes of North Carolina, which is substantially identical to Section 42-5-10, did "not extend to independent contractors performing work pursuant to their contract with the employer of the injured person."

The lower court incorrectly held that Ansley and Sutton was immune from suit under Section 42-5-10. Thus, the trial judge's decision to grant respondent's motion for summary judgment was controlled by an error of law and constituted an abuse of discretion.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.