20641

Joe T. RATLIFF, Appellant, v. COASTAL PLAIN LIFE
INSURANCE COMPANY, Respondent.

(242 S. E. (2d) 424)

*Forrest C. Wilkerson,* of *Roddey, Sumwalt & Carpenter,* Rock Hill, *for Appellant,*

*Emil W. Wald,* of *Spencer & Spencer,* Rock Hill, *for Respondent,*

March 15, 1978.

GREGORY, Justice:

Appellant Joe T. Ratliff brought this action against respondent Coastal Plain Life Insurance Company to recover on a life insurance policy. This appeal is from the order of the lower court granting respondent's motion for summary judgment. We affirm.

The insured, John M. Brooks, Sr., purchased a policy of life insurance having a face value of $50,000 from respondent on August 6, 1973. Mr. Brooks' application and medical examination for the policy are both dated May 14, 1973. Mr. Brooks designated his estate as beneficiary of the policy. The insured died on February 4, 1974, and on April 3, 1974 Mr. Brooks' estate assigned all its rights under the policy to appellant, a South Carolina resident and business associate of the insured.

Respondent denied appellant's claim for the policy proceeds on the ground that Mr. Brooks made material misrepresentations in response to certain health related questions on the insurance application. Respondent asserted it relied on these false responses in accepting the insured's application and under North Carolina law the policy is void and unenforceable. Appellant subsequently brought this action in the York County Court of Common Pleas to recover the proceeds of the policy.

Respondent moved for summary judgment before the Honorable Robert W. Hayes. Judge Hayes found that Mr.

Brooks had given false written answers to written questions relating to health on the insurance application; that North Carolina law was controlling as to whether these false written answers would render the insurance policy void; and that under North Carolina law the policy was void. Based on these findings Judge Hayes granted respondent's motion for summary judgment. This appeal followed.

Appellant contends the trial judge erred by applying North Carolina law to determine the validity of the insurance policy and argues the policy should be controlled by South Carolina law under the rule of *lex loci contractus*.

The following statute is in effect in both North Carolina [Section 58-28, General Statutes of North Carolina] and South Carolina [Section 38-9-20, 1976 Code of Laws of South Carolina]:

All contracts of insurance on property lives or interests in this State shall be deemed to be made therein and all contracts of insurance the applications for which are taken within the State shall be deemed to have been made within this State and are subject to the laws thereof.

There is no disagreement between South Carolina and its sister state North Carolina that the law applicable to an insurance contract is determined by the location of the "property, lives or interests" that are insured, and by the place where the application for the insurance contract is made.

The record amply supports Judge Hayes' finding that Mr. Brooks applied for the insurance policy in North Carolina; that Mr. Brooks was a North Carolina resident; that the insurance agent Mr. Brooks did business with was licensed in North Carolina; that Coastal Plain's principle place of business is in North Carolina; and that Mr. Brooks died in North Carolina and his estate was probated in North Carolina by a North Carolina personal representative.

> The insured lived in North Carolina and made application for a policy of life insurance in North Carolina with a North Carolina insurance company. The

laws of South Carolina and North Carolina do not conflict as to which law is applicable to this controversy, but point with equal certainty to North Carolina law as controlling.

The substantive law of North Carolina regarding false answers to health related questions on an insurance application was stated by the Supreme Court of North Carolina in *Rhinehardt v. North Carolina Mutual Life Ins. Co.,* 254 N. C. 671, 119 S. E. (2d) 614 (1961):

> . . . In an application for a policy of life insurance, written questions relating to health and written answers thereto are deemed *material as a matter of law. Tolbert v. Mutual Benefit Life Insurance Co.,* 236 N. C. 416, 419, 72 S. E. (2d) 915. The inquiry for the jury is whether or not insured made the statement and whether or not it was false. If insured made the statement and if it was false, the question as to whether it was fraudulently, knowingly or innocently made is of no importance. The statement in either case is material as a matter of law, and the policy will be avoided. *Equitable Life Assurance Society of United States v. Ashby,* 215 N. C. 280, 1 S. E. (2d) 830, 831; *Petty v. Pacific Mutual Life Insurance Co. of California,* 212 N. C. 157, 193 S. E. 228, 119 S. E. (2d) at 616.

Thus, if the insured gave false written answers to written questions relating to health on an application for a life insurance policy, the answers are considered material as a matter of law in North Carolina and the policy will be avoided. *Rhinehardt, supra.* If the false statements by the insured concern only a slight or temporary indisposition, *Wells v. Jefferson Standard Life Ins. Co.,* 221 N. C. 427, 190 S. E. 744 (1937), or are made in response to questions that "must be necessarily answered by an opinion," *Mutual Life Ins. Co. v. Leaksville Woolen Mills,* 172 N. C. 534, 90 S. E. 574, 577 (1916), the responses will not be considered material as a matter of law.

Respondent asserts the insured gave false answers to the following four questions: (1) whether the insured had been a patient in a hospital; (2) whether

the insured had been given an electrocardiogram other than one in 1953; (3) whether the insured had been told he had or had been treated for high blood pressure; and (4) whether the insured had dieted or taken any treatment for diabetes, heart trouble or blood pressure.

The insured gave negative responses to each of the questions.

In his answers to respondent's requests for admission, appellant admitted that the insured was hospitalized in 1967; that the insured was treated by Dr. Charles O. Chrysler for diabetes in 1966 and 1967; and that the insured was given an electrocardiogram in 1966 and 1967.

The uncontradicted deposition of Dr. Chrysler who treated the insured for diabetes, heart trouble and high blood pressure in 1966 and 1967 further demonstrates the answers were untrue.

Appellant does not dispute the findings below that the insured gave the answers and that the questions relate to health. The questions did not require opinion answers and the responses do not involve slight or temporary indispositions.

Viewing the evidence and all inferences in the light most favorable to appellant, *Parker v. Williams & Madjanik, Inc.,* S. C., 239 S. E. (2d)' 487 (1977), we agree with the trial judge's conclusion that under the applicable North Carolina law the policy is void and unenforceable.

We find no error in the order of the trial judge granting respondent's motion for summary judgment.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.