20750

A. E. FINLEY & ASSOCIATES, INC., Respondent, v. H. Walter HENDRIX, d/b/a Hendrix Construction Company, and C. W. Haynes and Company, Incorporated, of whom C. W. Haynes and Company, Incorporated is, Appellants.

(247 S. E. (2d) 328)

*Steven M. Anastasion,* of *Callison, Tighe, Nauful & Rush,* Columbia, *for appellant.*

*John F. Shuler,* of *Bryant, Fanning & Yarborough,* Orangeburg, *for respondent.*

August 23, 1978.

LITTLEJOHN, Justice.

The respondent, A. E. Finley & Associates, Inc. (Finley), commenced this action against H. Walter Hendrix, d/b/a Hendrix Construction Company (Hendrix) and C. W. Haynes and Company, Incorporated (C. W. Haynes) to recover the amount of $12,650.00 allegedly due under an assignment of certain contract proceeds. The lower court granted Finley's motion for summary judgment against C. W. Haynes, from which C. W. Haynes appeals.

The facts giving rise to this action are as follows. C. W. Haynes entered into a construction contract with Hendrix to perform paving and gutter work. Hendrix had previously purchased from Finley, on an installment contract, certain paving equipment, which he intended to use to perform work under the construction contract. Hendrix became delinquent in his installment payments for the equipment; on threat of repossession he assigned, on November 8, 1974, the sum of $12,650.00 from the proceeds of the construction contract to Finley. C. W. Haynes acknowledged the assignment in writing, expressly denying any liability other than to advance funds when due based on the original contract and the terms of the assignment.

From the date of the assignment until approximately the middle of May, 1975, Hendrix performed no work under the construction contract due to bad weather and other con-

struction delays. No further payments having been made, on May 5, 1975, Finley reinstituted claim and delivery proceedings and repossessed the equipment. As a result, Hendrix was unable to complete the work under the construction contract and, together with C. W. Haynes, hired Lanier Construction Company, Inc. (Lanier) to complete the work remaining under the contract.

On June 12, 1975, C. W. Haynes disbursed $21,412.90 to Lanier and Hendrix jointly, in payment for the partial completion of the remaining work by Lanier. C. W. Haynes withheld $12,650.00, representing the funds which had been assigned by Hendrix to Finley. On October 15, 1975, C. W. Haynes disbursed an additional $7,434.12 for corrective work performed by Lanier under the contract. C. W. Haynes presently holds $5,215.88, to be disbursed pursuant to court order and for which it makes no claim.

On appeal from an order granting respondent's motion for summary judgment, this court will review the evidence and all inferences therefrom in the light most favorable to appellant. Summary judgment should be granted only where it is clear that no issue of fact is involved and further inquiry into the facts is not desirable to clarify the application of the law. *Parker v. Williams & Madjanik, Inc.,* S. C., 239 S. E. (2d) 487 (1977).

It is undisputed that the assignment of contract proceeds from Hendrix to Finley was precipitated by the commencement of claim and delivery proceedings by Finley. C. W. Haynes, however, argues that the consideration for the assignment was Finley's consent to the continued use of the equipment by Hendrix. It is C. W. Haynes' contention that since Finley reinstituted claim and delivery proceedings and repossessed the equipment prior to Hendrix performing any further work under the contract, the consideration for the assignment failed and it was therefore no longer binding.

We think it is inescapable that the sole consideration for the assignment was Finley's consent to drop the claim and delivery proceedings instituted in November 1974. Having agreed to discontinue the claim and delivery proceedings in consideration for the assignment, Hendrix, and C. W. Haynes, which expressly consented to the assignment, remained bound under the terms of the assignment, regardless of whether Finley at some later date reinstituted claim and delivery proceedings.

. C. W. Haynes' obligation under the assignment was to advance proceeds from the construction contract as they became due Hendrix, in the amount of $12,650.00. The amounts advanced were to be made only as warranted by Hendrix' work under the contract, and were to be made payable jointly to Hendrix and Finley.

A review of the facts establishes beyond debate that from the date the assignment was entered, Hendrix earned an amount in excess of $12,650.00 in completing its obligation under the terms of the contract.

Although Finley repossessed the paving equipment in May 1975, C. W. Haynes chose to allow Hendrix to complete performance under the contract through a subcontractor, Lanier. William E. Sellars, president of C. W. Haynes, upon his deposition, stated:

". . . We could have cancelled his contract according to our attorneys without any reservation because it called for one hundred and twenty days in his contract, and he was some twelve months, or more than twelve months, past due on it. But we were trying to help him. And Mr. Hendrix, in our telephone conversation, assured me that there was enough in the contract to pay both Lanier and A. E. Finley Company. I was not advised as to what his contract was with Mr. Lanier, . . .

. . . It was either he get a subcontractor on it or we would cancel the contract. . . ."

Thus, although Hendrix did not personally perform the work remaining under the contract, it satisfied its contractual obligation to ·C. W. Haynes by obtaining performance through a subcontractor, Lanier.

Both parties have stipulated that C. W. Haynes disbursed $21,412.90 to Hendrix and Lanier on June 12, 1975, in payment for the partial completion of the remaining work by Lanier. In the deposition, Sellars admitted that the total work performed by Lanier under the Hendrix contract was $34,062.90. Moreover, the stub of the check for $21,412.90 reflects that $12,650.00 of the $34,062.90 owed to Hendrix had been withheld, as representing the funds assigned to Finley by Hendrix.

Having completed its c o n t r a c t u a l performance through a subcontractor, C. W. Haynes was contractually liable to Hendrix, the prime contractor, the amount remaining due under the contract. The amount owed by Hendrix to Lanier under the subcontract, for the work performed by Lanier in completing the prime contract, was a matter between Hendrix and Lanier. C. W. Haynes wrongfully refused to pay the amount of $12,650.00 to Hendrix and Finley, pursuant to the assignment. The lower court properly granted summary judgment.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.