2085

Leroy Dean WHEELER, Respondent v. MORRISON MACHINERY COM-
PANY, Morrison Textile Machinery Company, Morrison Textile Machin-
ery Company, International, Inc., and Springs Industries, Inc., of whom
Springs Industries, Inc., is Appellant. Appeal of SPRINGS INDUS-
TRIES, INC.

(438 S.E. (2d) 264)

Court of Appeals

*Carroll H. Roe, Jr., Love, Thornton, Arnold & Thomason,* Greenville, *for appellant.*

*Herbert W. Louthian, Jr., Louthian & Louthian,* Columbia, *for respondent.*

Submitted Sept. 8, 1993.

Decided Nov. 8, 1993.

HOWELL, Chief Judge:

This action was initiated by Leroy Dean Wheeler (Wheeler) against Morrison Machinery Company, Morrison Textile Machinery Company, Morrison Textile Machinery Company International, Inc., and Springs Industries, Inc. (Springs) seeking damages for injuries Wheeler sustained while working on an asbestos removal project at Springs.[1]

Wheeler went to work for Asbestos Removal, Inc. (ARI) approximately four months prior to his injury. ARI has contracted with Springs to remove asbestos and Springs paid for this service on the basis of square footage and linear footage removed. While removing asbestos at a Springs plant, Wheeler fell into a piece of textile equipment. This incident resulted in severe injuries to his right hand.

Wheeler filed a claim against ARI for workers' compensation benefits and concluded this claim with a full, final, and complete settlement with ARI. Springs moved for summary judgment on the basis that the Workers' Compensation Act, S.C. Code Ann. § 42-1-540 (1985), provides an exclusive remedy to Wheeler for injuries he sustained while working for ARI at the Springs plant. The trial judge denied this motion. Springs appeals. We reverse and remand.

Springs contends the trial court erred in denying its motion for summary judgment because Springs' liability for injury to

---

[1] We decide this case without oral argument because oral argument would not aid the Court in resolving the issues.

Wheeler is imposed under S.C. Code Ann. § 42-1-400 (1985) and thereby limits Wheeler's recovery to workers' compensation benefits pursuant to § 42-1-540. Accordingly, Springs contends it was a statutory employer and Wheeler was its statutory employee. We agree.

We initially note that Springs is incorrect in its contention that the employment status and attendant questions of fact pertaining to jurisdiction should be determined by the court after it is transferred from the jury calendar to the non-jury calendar. An injured worker's employment status, as it affects jurisdiction, is a matter of law for decision by the court and includes the finding of facts which relate to jurisdiction. *Bridges v. Wyandotte Worsted Co.*, 243 S.C. 1, 132 S.C. (2d) 18 (1963); *Adams v. Davison-Paxon Co.*, 230 S.C. 532, 96 S.E. (2d) 566 (1957); *Riden v. Kemet Electronics Corp.*, 437 S.E. (2d) 156 (S.C. Ct. App. 1993).

Any dispute in the facts giving rise to this issue should be resolved by the court, not a jury. *Bargesser v. Coleman Co.*, 230 S.C. 562, 96 S.C. (2d) 825 (1957); *Riden*, 437 S.E. (2d) 156. Therefore, there is no necessity that this jurisdictional hearing be held after transfer to the nonjury calendar. Instead, a separate evidentiary hearing is all that is required.

The proper procedure for raising lack of subject matter jurisdiction prior to a trial is to file a motion to dismiss the action pursuant to Rule 12(b)(1), SCRCP. *Woodard v. Westvaco*, 433 S.C. (2d) 890 (S.C. Ct. App. 1993). We, therefore, will treat Springs' Rule 56 motion for summary judgment as a Rule 12(b)(1). *Id.*

In formulating a test for the determination of whether an employee of a subcontractor constitutes an employee of the principal employer, the courts recognize that there are no strict guidelines. *Ost v. Integrated Products, Inc.*, 296 S.C. 241, 244, 371 S.E. (2d) 796, 798 (1988). Each case must be analyzed and decided upon its own facts. *Bridges*, 243 S.C. at 11, 132 S.C. (2d) at 23.

When considering whether the activity of the injured party is sufficient to make the injured party a statutory employee within the purview of § 42-1-400, three factors must be considered. They are as follows:

1. whether the activity is an important part of the trade or business;
2. whether the activity is a necessary, essential, and integral part of the trade, business or occupation; and
3. whether the activity has been performed by employees of the principal employer.

*Boone v. Huntington and Guerry Electric Co.,* — S.C. —, 430 S.E. (2d) 507 (1993); *Riden,* 437 S.E. (2d) 156.

■ The evidence reveals that as parts of an ongoing maintenance program, it was necessary for Springs to remove and dispose of asbestos. The asbestos-insulated machinery and its connecting pipes, known as a bleaching range, had to be removed to allow workers to replace rollers, bearings, valves, and other worn components of this equipment. The asbestos covering was one inch to one and a half inches thick. It was installed to prevent workers from being burned, to control energy costs, and to maintain a constant temperature for quality control in the bleaching process.

Preventive maintenance, including the removal and reinstallation of insulation, has always been and always will be an ongoing process. Prior to asbestos removal being regulated because of its hazardous propensities, Springs' employees routinely removed and disposed of the asbestos. Following the licensing mandate for removal of asbestos, Springs entered what was characterized as a "transition" period. During this time, Springs contracted with outside companies that specialize in asbestos removal to perform this function. Even during this transition period, Springs had certain employees who were licensed to handle emergency asbestos removal. It was during this time that Wheeler was injured.

Springs has since put together a permanent "team" consisting of fifteen employees to handle asbestos removal and disposal on an ongoing basis performing preventive maintenance. However, a small percentage of this removal is still being handled by outside contractors.

These facts can only lead to the conclusion that Wheeler was engaged in work which was part of the "trade business or occupation" of the principal employer. This inescapable conclusion can best be demonstrated by the testimony of Springs employee, Donald R. Barton:

Q. This major maintenance project involved in bleaching range number 621, was that necessary for the fabric or the finishing process here at Grace?

A. Absolutely, because if you're going to sell cloth you've got to sell first quality.

\* \* \* \* \* \*

Q. Was there anyway to do the maintenance work on the pipe in the area around bleaching range 621 without removing the asbestos?

A. No.

For all the foregoing reasons, we reverse the trial court's denial of Springs' motion to dismiss for lack of subject matter jurisdiction and remand with instructions that the trial court enter judgment dismissing this action.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.