**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STANLEY VERNON,
Plaintiff-Appellant,

v.                                                           No. 95-3149

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-95-535-2-18)

Argued: September 26, 1996

Decided: March 5, 1997

Before RUSSELL and MICHAEL, Circuit Judges, and MICHAEL,
Senior United States District Judge for the Western District of
Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Mark Lee Archer, North Charleston, South Carolina, for
Appellant. John Harris Douglas, Assistant United States Attorney,
Charleston, South Carolina, for Appellee. **ON BRIEF:** Margaret B.
Seymour, United States Attorney, Charleston, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Stanley Vernon ("Vernon") appeals a grant of summary judgment in favor of the United States in his negligence suit against the United States under the Federal Tort Claims Act ("FTCA").[1] Vernon argues the court erred because the United States does not qualify as a "statutory employer" under the South Carolina Workers' Compensation Law,[2] and is not entitled to the "exclusive remedy" defense found in that law. He further contends that because the South Carolina law is purely jurisdictional, it cannot serve as the underlying basis of a federal court's decision. The district court found that the United States is subject to South Carolina law, was Vernon's statutory employer, and was entitled to assert the exclusive remedy defense. We agree, and for the reasons that follow, we affirm the district court's grant of summary judgment.

I.

Vernon worked for Lockheed Missile and Space Corporation ("Lockheed"), at the Navy's Polaris Missile Facility, Atlantic ("Pomflant"), in Charleston, South Carolina. He held a job as a Surface Support Equipment mechanic ("SSE"). SSEs maintained and repaired missile handling equipment. Lockheed employees and United States Navy personnel both performed this job. Lockheed was a contractor of the United States.

At Pomflant, Vernon slipped, fell and was injured. He filed a claim against Lockheed, and received and accepted benefits under the South Carolina Workers' Compensation Law. He also sued the United

_____

[1] 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 (1994).

[2] S.C. Code Ann. tit. 42 (Law. Co-op. 1985 & Supp. 1995).

2

States under the FTCA, charging that the negligence of Navy person-nel caused his injury.

The United States moved for summary judgment, claiming it was Vernon's statutory employer, and therefore entitled to assert the exclusive remedy defense under the South Carolina Workers' Com-pensation Law.**3** The district court found that the United States was Vernon's statutory employer, it was entitled to the exclusive remedy defense, and granted the United States summary judgment. This appeal followed.

II.

Vernon raises two issues on appeal. First, he argues that the United States was not his statutory employer, and thus not entitled to the exclusive remedy defense. Second, he argues that the South Carolina Workers' Compensation Law is purely jurisdictional and cannot form the underlying basis for a decision by a federal court. These argu-ments require that we examine the relevant provisions of both the FTCA and the South Carolina Workers' Compensation Law.

A.

Under certain circumstances, the FTCA allows injured parties to sue the United States for the negligence of its employees. An action may only proceed in the same manner and to the same extent as would an action against a private person under the laws of the state where the incident occurred.**4** There is no dispute that South Carolina law applies, and so we turn to an examination of South Carolina law.

_____

**3** Id. § 42-1-540.
**4** 28 U.S.C. §§ 1346(b) & 2674 (1994); Lockheed Aircraft Corp. v. United States, 460 U.S. 190 (1983); Pendley v. United States, 856 F.2d 699 (4th Cir. 1988).

Congress used different, but consistent language in the two sections cited above. In 28 U.S.C. § 1346(b), Congress gave jurisdiction to

> the district courts . . . on claims against the United States for money damages, . . . personal injury or death caused by the neg-ligent or wrongful act or omission of any employee of the Gov-

3

South Carolina has adopted a comprehensive scheme of workers' compensation.**5** The scheme includes an "exclusive remedy" provision, which provides that when an employer pays and an injured employee accepts benefits under the Workers' Compensation Law, the employee gives up all "other rights and remedies . . . as against his employer, at common law or otherwise, on account of [the] injury."**6** If the United States was Vernon's employer, as contemplated by the Workers' Compensation Law, then it is entitled to the exclusive remedy defense.

Under the Workers' Compensation Law, a "statutory employer" is someone who hires a contractor or subcontractor to do his work, if certain conditions are met:

> When a person, . . . referred to as "owner," undertakes to perform or execute any work which is part of his trade, business or occupation and contracts with any other person, (. . . referred to as "subcontractor") for the execution or performance by or under such subcontractor, . . . the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.**7**

_____

> ernment, . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

In 28 U.S.C. § 2674, Congress established liability for the United States as follows:

> The United States shall be liable, respecting the provision of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . .

We do not believe it is necessary to examine the different language of the two sections for the purposes of this appeal.

**5** S.C. Code Ann. tit. 42 (Law. Co-op. 1985 and Supp. 1995).

**6** S.C. Code Ann. § 42-1-540.

**7** S.C. Code Ann. § 42-1-400.

4

South Carolina courts use a three-part test to determine when a statutory employer-employee relationship exists. The courts ask:

> (1) Is the activity an important part of the owner's business;
>
> (2) is the activity a necessary, essential, and integral part of the business; and,
>
> (3) has the identical activity been performed by the employees of the owner?**8**

In this case, the district court received an affidavit from Rear Admiral George P. Nanos, Jr., Director of the Strategic Systems Programs. Admiral Nanos supervised work at Pomflant. Based on Admiral Nanos' affidavit, the district court found that (1) the work Vernon was performing was an important part of the Navy's business; (2) the work was a necessary, essential, and integral part of the Navy's business; and (3) Navy personnel were performing identical work. Applying the above test, then, the district court found that the United States was Vernon's statutory employer.

In Marchbanks v. Duke Power Co.,**9** the South Carolina Supreme Court held that a statutory employer was entitled to the exclusive remedy of the Workers' Compensation Law. That rule has been followed by state and federal courts in South Carolina ever since.**10** The district court found that the United States, as Vernon's statutory employer, was allowed to use the exclusive remedy defense, and correctly granted summary judgment in favor of the United States.

_____

**8 Carter v. Florentine Corp.**, 423 S.E.2d 112, 113 (S.C. 1992) (citations omitted).

**9** 2 S.E.2d 825, 836 (S.C. 1939).

**10 See**, e.g. Corollo v. S.S. Kresge Co., 456 F.2d 306 (4th Cir. 1972) (applying exclusive remedy defense to statutory employer); Wheeler v. Morrison Machinery Co., 438 S.E.2d 264 (S.C. Ct. App. 1993) (same).

5

B.

Vernon first argues that the United States cannot use the exclusive remedy defense, because it is not subject to the South Carolina Workers' Compensation Law. He is correct in noting that the South Carolina Workers' Compensation Law specifically does not apply to employees of the federal government. The law clearly states, "This Title shall not apply to: (1) casual employees, . . . and Federal employees in this State."[11] From this point, Vernon proceeds to propose that because federal employees are exempt, and neither Vernon nor the United States followed the statutory procedure to waive that exemption,[12] then the law does not apply and the defense is not available to the United States.

However, Vernon starts with the wrong premise, and so ends up with the wrong conclusion. The proper starting place is the FTCA, which provides that "[t]he United States shall be liable, respecting the provision of this title relating to tort claims, in the same manner and to the same extent <u>as a private individual under like circumstances</u> . . . ."[13]

Thus, to find liability under the FTCA, the United States first must be placed in the shoes of a hypothetical private person. In this case, the United States is the statutory employer. It is the "owner" identified in the South Carolina law at section 42-1-400. From there, the analysis proceeds under South Carolina law. It is clear from both state and federal cases (applying state law) that a statutory employer in these circumstances is fully entitled to assert the exclusive remedy defense.[14]

_____

[11] S.C. Code Ann. § 42-1-360.

[12] S.C. Code Ann. § 42-1-380. An exempt employer "may come in under the terms of this Title and receive the benefits and be subject to the liabilities of this Title by filing with the Commission a written notice of his desire to be subject to the terms and provisions of this Title."
[13] 28 U.S.C. § 2674 (1994) (emphasis added).

[14] <u>See</u>, e.g. <u>Corollo</u>, 456 F.2d 306; <u>Wheeler</u>, 438 S.E.2d 264 (applying exclusive remedy defense to statutory employer).

C.

Second, Vernon contends that because the exclusive remedy defense is purely jurisdictional, it cannot form the substantive basis for a federal court's decision. We disagree. The FTCA states that the United States is liable only when a private person would be liable.[15] By specifically adopting state law as the underlying law for a claim under the FTCA, Congress requires each FTCA suit to rest on state law.

In this case, a private person under like circumstances would not be liable for Vernon's injuries, so the United States cannot be liable, either. Vernon would have us find the United States liable under circumstances where a private defendant would not face liability. Such a result contradicts the clear language of the FTCA. We decline to adopt Vernon's approach.

III.

For the foregoing reasons, the judgment below is

AFFIRMED.

_____

[15] 28 U.S.C. §§ 1346(b) & 2674.

7