THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 TCI Media,
 Inc., Appellant,
 v.
 NuVox Communications,
 Inc., Respondent.
 
 
 

Appeal From Greenville County
Honorable Michael G. Nettles, Circuit
 Court Judge
Unpublished Opinion No. 2009-UP-004
Heard November 6, 2008  Filed January 7,
 2009
REVERSED 

 
 
 
 Mark Weston Hardee, Esquire, and William
 Norman Nettles, Esquire, both of Columbia, for Appellant.
 Samuel W. Outen, Esquire, and William J.
 Watkins, Jr., Esquire, both of Greenville, for Respondent.
 
 
 

GEATHERS, J.: This appeal arises from the
 grant of a motion to dismiss.  The circuit courts order of dismissal was
 precipitated by the Respondents motion to dismiss pursuant to Rule 12(b)(1),
 SCRCP, for lack of subject matter jurisdiction.  
FACTUAL AND PROCEDURAL BACKGROUND
Appellant TCI Media, Inc. (TCI) contracted with
 Respondent NuVox Communications, Inc. (NuVox) to provide certain services to
 TCI, including the electronic storage of specific information.  Pursuant to its
 contractual rights, TCI requested customer information from NuVox, and NuVox denied
 TCIs request.  
Simultaneously, TCI was involved in criminal
 litigation in the United States District Court of the Southern District of Ohio
 (District Court) regarding its business transactions.  During the federal
 investigation, the Department of Justice served subpoenas on NuVox, seeking
 disclosure of certain stored e-mail accounts registered to one of TCIs
 co-defendants.  In response, TCI and its co-defendants instituted
 civil litigation seeking discovery, a return of assets seized by the federal government,
 and injunctive relief, among other claims.  The District Court stayed the civil
 litigation pending resolution of the criminal case.  
Subsequently, TCI filed the instant action to obtain
 the previously requested information.  The complaint alleged that NuVox
 breached the contract and its fiduciary duty by declining to provide the information
 to TCI.  TCI admitted at the hearing on the motion to dismiss, and on appeal,
 that it sought this information to assist it in the federal criminal litigation. 
 In response, NuVox filed a motion to dismiss, or in the alternative, to stay
 litigation, on two grounds.  NuVox asserted that (1) the District Court issued
 two orders prohibiting further discovery in civil litigation, such as that
 sought by TCI, and (2) 18 U.S.C.A. § 2703(e) prohibited the very litigation
 commenced by TCI.[1]  The circuit court found that the District Courts orders were not binding
 in the state court proceeding and that the federal statute was inapplicable in
 the instant case.  Nonetheless, the circuit court dismissed the matter, finding
 that TCI brought the lawsuit solely to circumvent the discovery provisions of
 the Federal Rules of Criminal Procedure, and that such action constituted an
 abuse of process.  
ISSUE ON APPEAL
TCI only discusses and provides authority for one of
 its issues on appeal, and therefore, the other issue is deemed abandoned.[2]  See First Sav. Bank v. McLean, 314
 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (issues not argued in the brief are
 deemed abandoned and will not be considered on appeal); Ellie, Inc. v.
 Miccichi, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) (where an
 issue is not argued within the body of the brief but is only a short conclusory
 statement, it is abandoned on appeal). Hence, the only issue on appeal is
 whether the circuit court erred in granting NuVoxs motion to dismiss by
 considering TCIs purpose for requesting its records.  
STANDARD OF REVIEW
In this case, Respondent filed a 12(b)(1) motion to
 dismiss for lack of subject matter jurisdiction.  A question of subject matter
 jurisdiction is a question of law for the court.  Lake v. Reeder
 Constr. Co., 330 S.C. 242, 247, 498 S.E.2d 650, 653 (Ct. App. 1998).
LAW/ANALYSIS
A.  Subject Matter Jurisdiction
A challenge to subject matter jurisdiction can be
 raised by a motion to dismiss pursuant to Rule 12(b)(1), SCRCP.  Ballenger v.
 Bowen, 313 S.C. 476, 478, 443 S.E.2d 379, 380, n.2 (1994); Wheeler v.
 Morrison, 313 S.C. 440, 442, 438 S.E.2d 264, 265 (Ct. App. 1993).
Subject matter jurisdiction is the power to hear and
 determine cases of the general class to which the proceedings in question
 belong.  Coon v. Coon, 364 S.C. 563, 566, 614 S.E.2d 616, 617 (2005); Mr.
 T v. Ms. T, 378 S.C. 127, 133, 662 S.E.2d 413, 416 (Ct. App. 2008).  Subject
 matter jurisdiction is met if the case is brought in the court which has the
 authority and power to determine the type of action at issue.  Washington v. Whitaker, 317 S.C. 108, 115, 451 S.E.2d 894, 898 (1994).  
There is only one circuit court in South Carolina and it has
 uniform subject matter jurisdiction throughout the State.  Dove v. Gold Kist,
 314 S.C. 235, 238, 442 S.E.2d 598, 600 (1994); see also S.C. Const. art.
 V, § 1.  The circuit court has subject matter jurisdiction over civil and
 criminal actions.  Id.  Therefore, the circuit court had subject matter
 jurisdiction to adjudicate the contract dispute between TCI and NuVox.  
B.  Circuit Courts Basis for Dismissing the Action        
The circuit courts basis for dismissing the instant action
 was erroneous.  The circuit court did not specifically grant the motion to
 dismiss pursuant to Rule 12(b)(1), SCRCP.  Rather, the court granted the motion
 because it found that the lawsuit was brought solely to circumvent the
 discovery provisions of the Federal Rules of Criminal Procedure.  The court
 stated: 

 This court recognizes that if the primary purpose of
 [the instant case] was something other than conducting discovery for a federal
 criminal case pending in Ohio, it would not be objectionable that discovery in
 South Carolina might have the ancillary benefit of assisting TCI and the
 criminal defendants in the federal case.  However, this court cannot permit an
 action to be instituted solely to gain information, when that information
 should be obtained through the use of the Federal Rules of Criminal Procedure. 
 

In other words, the circuit court conceded that it did have
 jurisdiction of the matter, but it simply did not sanction TCIs motive for
 bringing the suit.  However, the purpose for which a lawsuit is commenced is
 not a relevant inquiry for determining whether a court has subject matter
 jurisdiction.  
Further, the circuit courts reliance on Food Lion,
 Inc. v. United Food & Commercial Workers Intl Union, 351 S.C. 65, 567
 S.E.2d 251 (Ct. App. 2002) and Huggins v. Winn-Dixie Greenville, Inc.,
 249 S.C. 206, 153 S.E.2d 693 (1967) as authority for dismissal is misplaced.  These
 cases involve the common-law tort of abuse of process, which provides a remedy
 for one harmed by anothers perversion of a legal procedure for a purpose not
 intended by the procedure.  See Food Lion, Inc. at 69-70, 567
 S.E.2d at 253 (citing Huggins at 210, 153 S.E.2d at 695 and W. Page Keeton et al., Prosser and Keeton on the Law of
 Torts § 121 at 897 (5th ed. 1984)).  
An abuse of process action is not designed to compel
 compliance with court procedure or to deter future misconduct.  Rather, the
 tort is intended to compensate a party for harm resulting from anothers misuse
 of the legal system.  Food Lion, Inc. at 74 n.5, 567 S.E.2d at 255 n.
 5.  The misuse usually takes the form of coercion to obtain a collateral
 advantage, and there is no liability where the defendant has done nothing more
 than carry out the process to its authorized conclusion, even though with bad
 intentions.  Hainer v. Am. Med. Intl, Inc., 328 S.C. 128, 136, 492
 S.E.2d 103, 107 (1997). 
In the instant case, it is not evident
 that TCI, by its initiation of the lawsuit, misused the legal system through
 coercive acts that were intended to harm NuVox.  In fact, the circuit court
 found that TCIs purpose for bringing the lawsuit was to obtain information.  While there may be other avenues for addressing TCIs
 underlying motives, the procedural mechanism utilized by the circuit court is
 not the proper one; and, the authority underlying the abuse of process tort is
 not a proper basis for dismissing TCIs suit.  Hence, the circuit court erred when it used the legal basis of abuse
 of process as authority for granting the dismissal. 
C.  Rule 12(b)(6), SCRCP
While
 the Record on Appeal does not so indicate, TCI asserts, and the parties
 conceded at oral argument before this Court, that the trial courts order of
 dismissal was more likely based on a 12(b)(6), rather than
 on a 12(b)(1), rationale.  However, even if the motion to dismiss was granted
 pursuant to Rule 12(b)(6), SCRCP, the result in the instant matter would be the
 same.  
The ruling on a 12(b)(6), SCRCP, motion to dismiss
 must be based solely on the allegations set forth in the complaint.  Plyler
 v. Burns, 373 S.C. 637, 645, 647 S.E.2d 188, 192 (2007).  The complaint
 should not be dismissed merely because the court doubts that the plaintiff will
 prevail in the action.  Doe v. Marion, 361 S.C. 463, 469, 605 S.E.2d 556,
 559 (Ct. App. 2004). The motion cannot be
 granted if the facts set forth in the complaint and the inferences reasonably
 drawn therefrom would entitle the Plaintiff to relief on any theory of the
 case.  Ashley River Prop. I, L.L.C. v. Ashley River Prop. II, L.L.C., 374 S.C. 271, 278, 648 S.E.2d 295, 298 (Ct. App. 2007). Because TCI
 pleaded facts sufficient to state a cause of action for breach of contract, the
 trial courts grant of dismissal pursuant to 12(b)(6) would also constitute
 reversible error.  
CONCLUSION
Accordingly,
 the circuit courts order is
REVERSED.
WILLIAMS, J., and PIEPER, J., concur.  

[1]  18 U.S.C.A. § 2703(e) provides: No cause of
 action shall lie in any court against any provider of wire or electronic
 communication services, its officers, employees, agents, or other specified
 persons for providing information, facilities, or assistance in accordance with
 the terms of a court order, warrant, subpoena, statutory authorization, or
 certification under this chapter. 
[2] Thus, we will not address the issue of whether a
 customer has the right to use the South Carolina judicial process to enforce
 contractual rights against a South Carolina business.