**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Smalls, Appellant,

v.

Alex Antonion Coreas and Hightrak Staffing, Inc., a/k/a Hitrak Staffing, Defendants,

Of whom Hightrak Staffing, Inc. a/k/a Hitrak Staffing is the Respondent.

Appellate Case No. 2011-196106

Appeal From Charleston County
R. Markley Dennis Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-130
Heard March 6, 2013 – Filed March 27, 2013

**AFFIRMED**

Kevin B. Smith, of Hoffman Law Firm, of North Charleston, for Appellant.

Robert H. Hood and James B. Hood, of Hood Law Firm, LLC, of Charleston, and Deborah H. Sheffield, of Law Office of Deborah Harrison Sheffield, PA, of Columbia, for Respondent.

---

**PER CURIAM:**  In this negligence action, Appellant William Smalls (Smalls) seeks review of the circuit court's grant of summary judgment to Respondent Hightrak Staffing, Inc. (Hightrak) on the ground that Smalls' claims against Hightrak are barred by the Workers' Compensation Act.[1]

1.  As to whether the circuit court erred in concluding that Coreas was an employee of Detyens Shipyard (Detyens) at the time of his alleged negligence, we affirm. Detyens' president, David Loy Stewart Jr., testified that Detyens used Hightrak to fill its labor requirements for ongoing projects when Detyens did not have enough permanent employees to fill those needs.  Detyens and Hightrak had an ongoing agreement requiring Detyens to pay Hightrak a certain amount per hour for skilled labor and a different amount per hour for unskilled labor.  Stewart also testified that Detyens filtered the laborers to make sure they were qualified to perform the required tasks.  According to the hull superintendent, James Skiles, this filtering included testing the laborers to make sure they were competent at their stated skill. Further, Detyens required laborers who were sent from Hightrak to follow the same workplace practices that Detyens' permanent employees had to follow, and Detyens had the authority to terminate the laborers sent from Hightrak.  While Detyens did not have the authority to terminate an employee from his employment with Hightrak, Detyens did have the authority to terminate that employee's responsibilities with Detyens.  Moreover, Leo Fary, treasurer of Detyens, stated in his affidavit that Detyens provided all of the tools used by laborers sent by Hightrak to Detyens, and these laborers worked under the direction and supervision of a Detyens manager.

Based on the foregoing, the circuit court correctly concluded, as a matter of law, that Coreas was an employee of Detyens at the time of his alleged negligence.  *See* Rule 56(c), SCRCP (providing that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law" (emphasis added)); *Nix v. Columbia Staffing, Inc.*, 322 S.C. 277, 281, 471 S.E.2d 718, 720 (Ct. App. 1996) (holding the test for determining whether an employee furnished by one person to another becomes a lent employee is "whether the employee passes under the latter's right of control with regard not only to the work

---

[1] S.C. Code Ann. § 42-1-10 to -42-19-50 (1985 & Supp. 2012).

to be done but also to the manner of performing it" (citing *Parker v. Williams & Madjanik*, 269 S.C. 662, 239 S.E.2d 487 (1977))).

2. To the extent that Smalls' complaint may be interpreted to assert Hightrak's vicarious liability for Coreas' alleged negligence, such a claim is barred by section 42-5-10 of the South Carolina Code (1985),[2] which provides that an employee who negligently injures another employee while in the scope of employment is immune from personal liability. *See Strickland v. Galloway*, 348 S.C. 644, 647, 560 S.E.2d 448, 449 (Ct. App. 2002) ("[A] co-employee who negligently injures another employee while in the scope of employment is immune under the Workers' Compensation Act and cannot be held personally liable."); *cf. Guillory v. Gukutu*, 534 F. Supp.2d 267, 274 (D.R.I. 2008) (holding an injured worker's estate was barred from bringing a *respondeat superior* action against a staffing agency, who was the nominal employer of the allegedly negligent co-worker, because the co-worker, as a borrowed servant of the injured worker's employer, was immune from liability under the Longshore and Harbor Workers' Compensation Act and, thus, the injured worker's estate could not assert against the staffing agency its non-existent right against the co-worker).

3. Smalls argues that a material issue of fact existed as to whether Hightrak was a subcontractor for Detyens. However, it is undisputed that Hightrak was not performing any shipyard-related work at the time of Coreas' alleged negligence. Hence, there exists no issue of fact that is truly material to the determination that Hightrak was not a subcontractor. *See Murray v. Aaron Mizell Trucking Co.*, 286 S.C. 351, 355, 334 S.E.2d 128, 130 (Ct. App. 1985) ("[A] subcontractor is an independent contractor contracting with the contractor to do part of the work which

---

[2] Section 42-5-10 states:

> Every employer who accepts the compensation provisions of this Title shall secure the payment of compensation to his employees in the manner provided in this chapter. While such security remains in force he *or those conducting his business* shall only be liable to any employee who elects to come under this Title for personal injury or death by accident *to the extent and in the manner specified in this Title*.

(emphasis added).

the contractor has previously agreed to perform."); *see also Meyer v. Piggly Wiggly No. 24, Inc.*, 331 S.C. 261, 267, 500 S.E.2d 190, 193 (Ct. App. 1998), *aff'd*, 338 S.C. 471, 527 S.E.2d 761 (2000) (holding an agreement between a grocery store and a wholesale bakery was for the sale and delivery of a commodity and, thus, the bakery was not the grocery store's subcontractor).

4.  As to Smalls' assertion that his claim against Hightrak for the negligent hiring, training, and supervision of Coreas should have survived summary judgment, we affirm.

> 'In circumstances where an employer knew of or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring . . . . the employee . . . .'  Negligent hiring cases 'generally turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties.'  Although foreseeability is usually an issue of fact, 'the court should dispose of the matter on a dispositive motion when no reasonable factfinder could find the risk foreseeable or the employer's conduct to have fallen below the acceptable standard.'

*Kase v. Ebert*, 392 S.C. 57, 63, 707 S.E.2d 456, 459 (Ct. App. 2011) (internal citations omitted).  Here, there is nothing in the record to indicate that Hightrak knew or should have known that Coreas would be a danger to his co-workers or that Hightrak could foresee any harm to third parties.  Further, the evidence shows that Detyens assumed the training and supervision of Coreas.  Therefore, even though the circuit court did not specifically address the grounds for his summary judgment ruling as to the negligent hiring, training, and supervision cause of action, we affirm the ruling.

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**