**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Emily P. Smith and Emily P. Smith and Associates, LLC, Appellants,

v.

Robert T. Smith; Southern Collection, LLC; Southern Collection Brokerage, LLC; Terrance Smith and Associates, LLC; Robert B. Smith; and Sherry C. Smith, Respondents.

Appellate Case No. 2022-001060

———————

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-229
Heard June 5, 2024 – Filed July 3, 2024

———————

**AFFIRMED**

———————

Desa Ballard, Harvey M. Watson III, and Haley Alyse Hubbard, of Ballard & Watson, Attorneys at Law, of West Columbia, all for Appellants.

R. Hawthorne Barrett, Mark Brandon Goddard, John Brian Kelchner, and Lindsey Marie Behnke, of Turner Padget Graham & Laney, PA, of Columbia, all for Respondents.

**PER CURIAM:** In this action for the dissolution of Southern Collection, LLC, Emily P. Smith and Emily P. Smith and Associates, LLC (collectively, Appellants) appeal the circuit court's dismissal of Appellants' complaint and denial of Appellants' Emergency Motion for Appointment of Receiver. Appellants assert on appeal the circuit court erred by (1) concluding that Southern Collection, LLC was marital property; (2) granting Respondents'[1] Rule 12(b)(1), SCRCP, motion; (3) granting Respondents' Rule 12(b)(6), SCRCP, motion; (4) denying Appellants' Emergency Motion for Appointment of Receiver; (5) denying Appellants' Rule 38(a) right to trial by jury; and (6) dismissing the complaint as it relates to Robert B. Smith and Sherry C. Smith. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in finding Southern Collection, LLC was marital property: S.C. Code Ann. § 20-3-630(A) (2014) ("'[M]arital property'. . . means all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation . . . regardless of how legal title is held."); *Levy v. Carolinian, LLC*, 410 S.C. 140, 146, 763 S.E.2d 594, 597 (2014) ("A distributional interest in an LLC is personal property and may be transferred in whole or in part."); *Seels v. Smalls*, 437 S.C. 167, 174, 877 S.E.2d 351, 355 (2022) ("Section 20-3-610 [of the South Carolina Code (2014)] provides each spouse has a 'vested' right in the 'marital property,' which is defined—and subject to apportionment 'by the family courts of this [s]tate'—at the moment the marital litigation is filed . . . .").

2. As to whether the circuit court erred in granting Respondents' Rule 12(b)(1) motion: *Nix v. Columbia Staffing, Inc.*, 322 S.C. 277, 280, 471 S.E.2d 718, 719 (Ct. App. 1996) ("[L]ack of subject matter jurisdiction can be raised at any time, can be raised for the first time on appeal, and can be raised *sua sponte* by the court."); Rule 12(b)(1), SCRCP (establishing a circuit court may dismiss an action over which it lacks subject matter jurisdiction); *Bardoon Props., NV v. Eidolon Corp.*, 326 S.C. 166, 169, 485 S.E.2d 371, 372 (1997) ("Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong."); *Porter v. Lab. Depot*, 372 S.C. 560, 567,

[1] Robert T. Smith; Southern Collection, LLC; Southern Collection Brokerage, LLC; Terrance Smith and Associates, LLC; Robert B. Smith; and Sherry C. Smith (collectively, Respondents).

643 S.E.2d 96, 100 (Ct. App. 2007) ("The question of subject matter jurisdiction is a question of law."); *Cap. City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009) ("[This court is] free to decide questions of law with no deference to the trial court."); S.C. Code Ann. § 63-3-530(A)(2)(2010) (establishing the family court has exclusive jurisdiction over a divorce and the "settlement of all legal and equitable rights of the parties . . . in and to the real and personal property of the marriage"); *Seels*, 437 S.C. at 174, 877 S.E.2d at 354 ("The family court's exclusive jurisdiction over equitable apportionment extends to marital property . . . ."); S.C. Code Ann. § 20-3-620 (2014) (establishing that if a party makes claims of marital misconduct or fault against his or her spouse, which resulted in the depreciation of a marital asset, such claims may be presented to the family court and considered in the apportionment of the marital estate).

3, 4, and 5.  As to whether (3) the circuit court erred in granting Respondents' Rule 12(b)(6) motion; (4) the circuit court erred in denying Appellants' Emergency Motion for Appointment of Receiver; and (5) the circuit court denied Appellants' Rule 38(a) right to trial by jury:[2] *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (determining our appellate courts need not address remaining issues when the disposition of a prior issue is dispositive).

6.  As to whether the circuit court erred in dismissing the complaint as it relates to Robert B. Smith and Sherry C. Smith: *Appeal of Sexton*, 298 S.C. 359, 361-62, 380 S.E.2d 832, 834 (1989) ("[W]hen property is alleged to be marital property, but it is owned by a third party, the [f]amily [c]ourt has the subject matter jurisdiction to join all persons with a possible interest in the property as parties to the action and to determine if the property constitutes marital property as defined in [section 20-3-630(A)].  If it is determined that the property is marital property, then the [f]amily [c]ourt has the authority to determine the parties' equitable rights therein.").

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ. concur.**

---

[2] Pursuant to Rule 2(a), SCRFC, Rule 38(a), SCRCP, does not apply to domestic relations actions.